BETSEY NEWMAN, Appellant, v. ABRAM NELLIS, Respondent.

97 285
122 114
97 285
144 711
97 285
77 AD¹ 39

A person, morally bound, to fulfill a promise to do a certain act or thing may not, after the act or thing has been done, recall it to the prejudice of the promisee, on the plea that the promise was invalid under the statute of frauds, and while executory, performance could not have been enforced by action.

In 1864 M. purchased a lot of defendant and took a deed thereof in reliance upon a representation of the latter, that a strip of defendant's land, thirty-five feet wide, adjoining on the south, was a highway, and upon his promise that he would open the same as such for the use of M., his family and assigns, and the public. In the deed the lot was described by metes and bounds; no reference was made therein to any street or to any map. Plaintiff also, in reliance upon said representation and promise, built a house upon and near the south bounds of the lot, as was understood between the parties during the negotiations. Defendant also sold lots to other persons south of and abutting on said strip of land, and soon after the conveyance, opened said strip as a street as he had agreed, and the same was thereafter used and enjoyed as a street by M., and by plaintiff, his grantee, and by the public until 1875, when defendant obstructed the entrance thereto and threatened to wholly close the same. In an action by a grantee from M. to restrain such obstruction, *held*, that, although the promise, while executory, could not have been enforced, defendant, by opening the street in pursuance thereof, appropriated the space as a way appurtenant to the premises, and he could not subsequently recall the dedication; also that this right of way passed to plaintiff; and this, although in her deed it was not referred to, and the word "appurtenances" was not used. Also *held*, that plaintiff's right could be enforced by injunction.

(Argued October 23, 1884; decided November 25, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made February 26, 1881, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term.

This action was brought to compel defendant to remove obstructions placed by him upon land over which plaintiff claimed a right of way, and to restrain defendant from interfering with or interrupting the use of said land as a way appurtenant to a lot of land sold and conveyed by defendant to

Michael Newman, and by him conveyed to one Parkhurst, and by the latter to plaintiff.

The material facts are stated in the opinion.

*J. E. Dewey* for appellant. The terms "street," "road," and "highway," have the same meaning. (*Brace* v. *N. Y. C.,* etc., 27 N. Y. 273; 36 id. 122–3.) The purchaser had the right, from the deliberate and unqualified assertion of the defendant, to presume that the latter knew the condition and situation of the strip of land and of his own title to it; and that it was, as he declared it to be, a street. (*Favill* v. *Roberts,* 50 N. Y. 225, 226, 227; *Mattoon* v. *Young,* 2 Hun, 564; *Storrs* v. *Barker,* 6 Johns. Ch. 169, 175; *Tabor* v. *Bradley,* 18 N. Y. 100, 115; *Tilton* v. *Nelson,* 27 Barb. 595.) The agreement as to the street having been executed was as effectual as if it were contained, or the privilege had been granted, in the same conveyance with the lot; or, as if, on refusal, its specific performance had been decreed. (*Hervey* v. *Smith,* 22 Beav. 299; *Craig* v. *Craig,* 2 Ont. App. 583–8; Goddard onEas'ts, etc., 361; *Tallmadge* v. *East River Bank,* 2 Duer, 614, 618; 3 Bosw. 124; affirmed, 26 N. Y. 105; *Musgrave* v. *Sherwood,* 23 Hun, 669; *S. C.,* 60 How. 339; 54 id. 311, 29 Hun, 475; *Dempsey* v. *Kipp,* 61 N. Y. 463–9, 471–2; *Robbins* v. *Robbins,* 89 id. 251, 257–8; *Read* v. *Long,* 4 Yerg. 68; *Pope* v. *Devereaux,* 5 Gray, 409; *Smith* v. *Lee,* 14 id. 480; *Gage* v. *Pitts,* 8 All. 531; Washb. on Eas'ts, etc., 35, § 12 [3d ed.].) After one has fully executed an agreement, not legally enforceable, he cannot gainsay or repudiate it. There is a vast and apparent distinction between a refusal to fulfill an executory contract and the deprivation of a right which has actually vested. (Herm. on Estop. 437, § 440; *Tallmadge* v. *East River Bank,* 26 N. Y. 105; *Westfall* v. *Parsons,* 16 Barb. 645–9; *Emmet* v. *Read,* 4 Seld. 312, 316–7; *Lamport* v. *Beeman,* 34 Barb. 240, 248–9; *Dodge* v. *Crandall,* 30 N. Y. 307; *Burdick* v. *Jackson,* 7 Hun, 490.) The purchaser's full performance entitled him to specific performance from the defendant if he had failed, wholly or in part, to perform on his part. (*Bigelow* v.

*Ames,* 108 U. S. 10; Willard's Eq. 284-5; 2 Story's Eq. Jur. 73, § 759; *Bennett* v. *Abram,* 41 Barb. 619; *Hobbs v. Wetherwax,* 38 How. 385, 389-91, Gen. T., Third Dept.; *Miller* v. *Ball,* 64 N. Y. 286; *Wheeler* v. *Reynolds,* 66 id. 288; *Traphagen* v. *Burt,* 67 id. 30; *Beardsley* v. *Dantly,* 69 id. 577, 584; *Tyley* v. *Church,* 54 id. 634; Herm. on Estop. 410, § 407.) The facts, alleged in the complaint, present a plain case of dedication; not only as between grantor and grantee, but as between the owner and the public for purpose of a public street. (*Rivis* v. *Dudley,* 3 Jones' Eq. 126, 135; *The Mayor, etc.,* v. *Franklyn,* 12 Ga. 239, 343; *Morgan* v. *Railroad Co.,* 96 U. S. [Otto] 716; *Child* v. *Chappel,* 9 N. Y. 255-6; *Noyes* v. *Ward,* 19 Conn. 250; *Hunter* v. *Trustees, etc.,* 6 Hill, 407, 411-414; *Cincinnati* v. *Lessees of White,* 6 Pet. 431, 436-8; *Barclay* v. *Howell's Lessee,* id. 499, 512; *Adams* v. *The Saratoga, etc.,* 11 Barb. 449-50; *Carpenter* v. *Grogan,* 35 id. 395, 406-7; *Hobbs* v. *Lowell,* 19 Pick. 409; *Robertson* v. *Wellsville,* 1 Bond, 81; *Cook* v. *Harris,* 61 N. Y. 453-4; *Grinnell* v. *Kirtland,* 2 Abb. N. C. 386, note 402; *Wyman* v. *Mayor, etc.,* 11 Wend. 501-2; Goddard's Eas'ts [Bennett], 181-2; Herm. on Estop. 491-8; *Rex* v. *Lloyd,* 1 Campb. 260; *Tallmadge* v. *East River Bank,* 2 Duer, 614.) As between the plaintiff, or her grantor, and the defendant, the latter, under the circumstances alleged, dedicated the space in question as a street. (*Holdane* v. *Trustees,* 21 N. Y. 479-80; *Bissell* v. *N. Y. C., etc.,* 23 id. 61, 64-6; *Perrin* v. *Shaine,* 36 id. 120, 123; *Taylor* v. *Hopper,* 62 id. 469; *Wiggins* v. *McCleary,* 49 id. 346; *Cincinnati* v. *White,* 6 Pet. 431-2; *Clements* v. *Troy,* 16 Barb. 251, 253; Goddard's Eas'ts [Bennett], 95, 180-3; Herm. on Estop. 495-8; *Story* v. *N. Y. Elevated, etc.,* 90 N. Y. 165; *S. C.,* 11 Abb. N. C., see notes 267-70; *Fisher* v. *Beard,* 32 Iowa, 346; *Lloyd* v. *Hulbert,* 1 Cinc. [O.] 228; *Rush* v. *Rock Island,* 5 Biss. 95; *Sloats, Sinclair & Boyd* v. *Sinclair,* 9 N. Y. Weekly Dig. 5497.) Under the admitted facts, this privilege or easement was, by right, being actually used for the benefit of the land, and was properly and rightfully

existing when the defendant's grantee conveyed the lot to the plaintiff; and as against her grantor and defendant, it passed to her as incident and appurtenant thereto. (*Green* v. *Collins*, 86 N. Y. 246, 250-3; *Huttemeier* v. *Albro*, 18 id. 51-2; 4 Kent's Com. 467; 3 id. 420; *Smith* v. *The Mayor*, 68 id. 557; *Tabor* v. *Bradley*, 18 id. 111, 114; Washb. on Eas'ts, 35, 42, 623; *Dempsey* v. *Kipp*, 61 N. Y. 471-2; *Child* v. *Chappel*, 9 id. 255; *Hendricks* v. *Stark*, 37 id. 106; *Kent* v. *Waite*, 10 Pick. 138, 141; Goddard on Eas'ts, 98, 99; *Sweezy* v. *Brooks*, 34 Vt. 453; *Rhea* v. *Forsyth*, 37 Penn. St. 503, 508; *Dunklee* v. *The Wilton, etc.*, 24 N. H. 489; *Spaulding* v. *Abbott*, 55 id. 424-5, 427; *U. S.* v. *Appleton*, 1 Sumn. 492, 501-2; *Hazard* v. *Robinson*, 3 Mason, 279; *Smites* v. *Hastings*, 24 Barb. 44.) The plaintiff, therefore, acquired the same right to continue the use of this street, which her grantor would have had if he kept the title. (Washb. on Eas'ts, 10, 36; 23 N. Y. 66; 11 Wend. 487; 6 Pet. 431-2; 23 Hun, 683, 684; 26 N. Y. 105; 17 Mass. 415; Herm. on Estop. 494-8; *Wood* v. *Seeley*, 32 N. Y. 116; 11 Wend. 486; 6 Pet. 434, 437-8; Bigelow on Estop. 74-6, 80, 252; 17 Mass. 365; 15 Barb. 588; 24 id. 44; 3 Paige, 257; 4 id. 514; 2 Hun, 561; 45 N. Y. 702; 32 id. 116; 3 Kent's Com. 420; 9 Wend. 209; 5 Seld. 255.)

*R. B. Fish* for respondent. To constitute a public highway by dedication there must not only be a setting apart and surrender to the public use of the land by the owner, but also an acceptance and formal opening by the proper authorities, or a user. (*Bridge Co.* v. *Bachman*, 66 N. Y. 261; reversing *S. C.*, 4 Lans. 523; *Fonda* v. *Borst*, 2 Keyes, 48; *Holdame* v. *Cold Spring*, 21 N. Y. 474-9; *Oswego* v. *Oswego Canal Co.*, 6 id. [2 Seld.] 257.) Whether or not there has been such a dedication is a question of fact, not of law. Though deducible from other facts it is none the less a fact, and should be alleged, notwithstanding other facts are stated from which it may be presumed. (*Van De Sande* v. *Hall*, 13 How. 458; *Page* v. *Boyd*, 11 id. 415; *Pattison* v. *Taylor*, 8 Barb. 250; *Allen* v. *Pattison*, 7 N. Y. 478.) In the absence of such dedication

and acceptance, in this case, defendant had, and has, the legal right to do all that he is claimed to have done. If he acted rightfully his motives cannot be questioned. (*Kiff* v. *Youmans*, 86 N. Y. 234; *Phelps* v. *Nowlen*, 72 id. 39; *Clinton* v. *Myers*, 46 id. 520; *Plankroad* v. *Douglass*, 9 id. 444, 450; *Mahan* v. *Brown*, 13 Wend. 261; *Greenleaf* v. *Francis*, 18 Pick. 117; *Bank* v. *Bank*, 27 Vt. 505; *Lange* v. *Benedict*, 73 N. Y. 12; *Sheridan* v. *Jackson*, 72 id. 170.) Verbal representations and agreements at the time of the sale cannot be given in evidence to qualify or extend the plaintiff's right, as they are merged in the deed. (*Green* v. *Collins*, 86 N. Y. 254; *Fonda* v. *Borst*, 2 Keyes, 48; *Bissel* v. *N. Y. C.*, etc., *Co.*, 23 N. Y. 61; *Badeau* v. *Mead*, 14 Barb. 328; *Bridge Co.* v. *Bachman*, 66 N. Y. 267; *Wohler* v. *R. R. Co.*, 46 id. 686.)

ANDREWS, J. The deed from the defendant to Michael Newman, described the premises conveyed by metes and bounds and as containing about five-eighths of an acre of land, but made no reference to any street or streets, or to any map. In 1864, at the date of the deed, the defendant owned the land on the south side of the granted premises, but no street had then been opened thereon along the southerly bounds of the lot conveyed. The grantee did not, therefore, acquire a right of way from the "Stone Arabia" road over the lands of the grantor adjacent to the granted premises by force of the deed. Such an easement by the common law can be created only by grant, or prescription, or by dedication to the public.

The case is not within the doctrine that where the owner of a tract of land lays it out into lots or streets, and afterward conveys lots, bounding them on the streets so laid out, or by reference in the deed to a map on which the streets are designated, he impliedly grants an easement in the streets to the purchaser. This doctrine proceeds on a construction of the grant itself, and a conveyance by such a description is held to constitute as between the grantor and grantee, and as to the

lots conveyed, an irrevocable appropriation of the spaces desig-
nated as streets or ways appurtenant to the land conveyed.
(*Wyman* v. *Mayor,* etc., 11 Wend. 487; *Story* v. *Elevated
R. R. Co.,* 90 N. Y. 122, and cases cited.) In this case there
was not only an absence in the deed of any reference to a street
or way over the southerly side of the granted premises, but
there was no apparent easement on that side, with reference
to which the parties could be assumed to have contracted.

The right of the plaintiff to maintain the action cannot
therefore, be sustained on the theory of an actual grant of
the way in question by the defendant. But it appears by
the complaint (which, for the purposes of this appeal, is to
be taken as true) that during the negotiations between the
defendant and Michael Newman, the plaintiff's husband, for
the sale of the lot by the former to the latter, the defendant
represented to Newman that the lot was a corner lot, situated
on the corner of two streets or highways, viz.: the "Stone
Arabia" road, an ancient highway on the westerly side of said
lot, and a road running easterly therefrom, thirty-five feet wide,
along the southerly bounds of the lot, and promised him that
he would shortly thereafter open the latter for the use and con-
venience of Michael and his family, his assigns, and the public;
that the said Michael, relying upon such representations and
promises, was induced to purchase the lot at a large price, and
took a deed therefor, and afterward, still relying upon such
representations and promises, erected thereon a dwelling-house
near the southerly bounds thereof, as was contemplated and
understood between the parties during the negotiations for the
purchase. It further appears that the defendant sold lots to
other persons, abutting on the said thirty-five feet, with similar
representations and assurances as were made to the plaintiff,
and that in 1866 or 1867 he opened the said space as a street
"as the defendant represented, promised and agreed would be
done," and the same was thereafter used and enjoyed by the
said Michael and his family, and by the public, as an open and
public street for the space of about eight years, until 1875,
when the defendant obstructed the entrance thereto with rocks

and large stones, rendering the access thereto difficult and dangerous, and threatened to wholly close the same by a fence, etc.

It may be conceded that the promise of the defendant made to Michael Newman to open the street, standing alone, would, if unexecuted, be incapable of enforcement. The plaintiff would encounter several difficulties. In the first place she would be met by the objection that the deed was the final consummation of the bargain and merged all prior negotiations and stipulations. If this could be answered by the claim that the promise to open the street was a distinct collateral undertaking, and was not therefore within the rule excluding parol evidence to vary a written instrument (as to which we express no opinion), the further objection affecting the legal validity of the promise would remain, that it related to an incorporeal right in real estate, and, not being in writing, was void by the statute of frauds.

But we know of no rule of law which prevents a party from performing a promise which could not be legally enforced, or which will permit a party, morally but not legally bound to do a certain act or thing, upon the act or thing being done, to recall it to the prejudice of the promisee on the plea that the promise, while still executory, could not by reason of some technical rule of law have been enforced by action.

In this case the promise of the defendant to open the street was specifically performed. His promise entered into the price of the lot, and what he did must be assumed to have been done in performance thereof. There was not only a promise to open the street, but the defendant represented that the space was in fact a street. Upon this representation and promise the purchaser relied, and when the street was opened he used it as a way for himself and his family, without objection, until he conveyed the lot to the plaintiff in 1874, who continued the use until prevented by the defendant in 1875. If the question here was between the defendant and Michael Newman, there would, we think, be no question. The promise to open the street was founded on a consideration and was actually executed. No formal grant of the easement was contemplated.

But Michael Newman was put into the possession and enjoyment of the easement and of the land, so far as the nature of the right admitted. The defendant, by opening the street in pursuance of his agreement, appropriated the space as a way appurtenant to the premises, and he could not subsequently recall the dedication. To permit him to do so would operate as a fraud upon his grantee and subsequent purchasers. The court will enforce their rights by injunction, without requiring them to proceed for specific performance, assuming that a formal grant could be compelled at the instance of the owners of the lot. (*Hervey* v. *Smith*, 22 Beav. 299; *Talmadge* v. *East River Bank*, 26 N. Y. 105; *Dempsey* v. *Kipp*, 61 id. 463.)

The right of the plaintiff to maintain the action is questioned on the ground that the right of way did not pass to her by the deed from her husband. The way or street is not mentioned in the deed, nor is the word "appurtenances" used. But the way was an apparent easement at the time the deed was executed, and if it was then legally appurtenant to the lot, or in other words, if it was enjoyed by right by the plaintiff's husband as an appurtenance to the land, it passed by the conveyance of the lot by metes and bounds, although not mentioned and although the word "appurtenances" was not used. (*Huttemeier* v. *Albro*, 18 N. Y. 48; 2 Wash. 279.)

We are of opinion that the way having been opened, and the right which before rested in contract having thereby become consummate by the act of the owner of the land, in pursuance of a promise based upon a valuable consideration, although by parol, the easement became a perfect legal right attached to the land, the burden and benefit of which bind the respective parcels and follow the legal title.

The court, we think, erred in dismissing the complaint, and the judgment should therefore be reversed and a new trial granted.

All concur, except RAPALLO, J., absent.

Judgment reversed.