## LUELLA S. ROOT, RESPONDENT, *v.* HARRIET E. WADHAMS, APPELLANT.

*Easement — right to draw water from a spring upon the land of another — when the title of a purchaser will not be affected by declarations or admissions made by his grantor, while owning the land.*

Prior to 1865 one Beebe, with the consent of one Bradbury, laid a pipe leading from a spring on Bradbury's lot to a house on Beebe's adjoining lot. Thereafter one Merchant, who owned a lot adjoining that of Beebe, with the consent of Beebe and Bradbury, continued the pipe laid on Beebe's lot across the same to his own lot, where the water was used by the occupant thereof until May, 1883. In 1865 Merchant sold his lot to Bradbury, who, in 1870, sold it to Rowley, who, in 1883, sold it to the plaintiff. In February, 1882, the spring lot was sold to the defendant, who, in May, 1883, disconnected the pipe and stopped the flow of water to the plaintiff's premises.

*Held,* that he had no right to do so.

Before the defendant purchased her lot, she was told by Rowley, the owners of the Beebe lot, and by her grantors, that no persons, other than her grantors, owned the spring or had any interest therein.

*Held,* that as the plaintiff purchased without knowledge of the declaration so made by Rowley, her title was not affected thereby

APPEAL from a judgment in favor of the plaintiff, enjoining the defendant from disconnecting or removing a pipe through which water was conveyed from a spring upon the defendant's land to the plaintiff's land.

*George W. Ray,* for the appellant.

*Albert F. Gladding,* for the respondent.

BOARDMAN, J.:

In 1865, one Bradbury was the owner of the lots now owned by the parties to this action. Between those two lots was a third lot owned by Beebe. Prior to 1865, Beebe, with the verbal consent of Bradbury, then owner of the spring lot, had laid a pipe and taken water from a spring on the lot now owned by the defendant to his (Beebe's) lot and house, and has since taken water through such pipe from the spring until the supply was stopped by the defendant in May, 1883. Prior, also, to 1865, one Merchant, then the owner of plaintiff's lot, and Bradbury's grantor of the same, with the verbal consent of Beebe and Bradbury, continued the pipe

from the Beebe lot to the lot now owned by plaintiff, and from that time until May, 1883, water was carried from said spring across the Beebe lot and to the lot owned by plaintiff's, through said pipe. The pipe from the spring to the Beebe lot belonged to the owner of that lot, and the pipe from the Beebe lot to plaintiff's lot belonged to Bradbury, when he sold plaintiff's lot to Rowley in 1870. Rowley conveyed to plaintiff in February, 1883. Bradbury continued to own the spring lot until his death, and it was sold to defendant by his executors in February, 1882. In May, 1883, the defendant disconnected the pipes and stopped the flow of water through the same to plaintiff's premises. This action was brought to restrain any interference with such pipes, and for damages.

Had these two lots adjoined each other, the plaintiff would have acquired under her deed the right to the use of the water from the spring, as is claimed. The appellant does not deny this, and the authorities are abundant to support the assertion. Is the case changed, because a piece of land intervenes between the land conveyed and the land retained, through which intervening land the right to take the water is by parol license liable to be revoked by the owner? We think not. Bradbury owned both the servient and the dominant estate. As against himself, he had the right absolute to use the water on plaintiff's lot, as it was used when he sold it to Rowley, who knew all the facts. He also had the right under the owner of the Beebe lot to use the pipe and carry the water through that lot, so long as its owner did not object thereto or revoke his license. When he conveyed, the right to the use of the water of the spring as then used passed as an appurtenant. Bradbury could not be heard to object, or be permitted to obstruct such use, nor could he or his grantees of the spring lot defend the action now taken under the conceded right possessed by the owner of the intervening lot. The latter only could do that, and, until he did it, the plaintiff was entitled to the accustomed use of the water. The following cases sustain this conclusion with more or less directness: *Leonard* v. *Leonard* (84 Mass. [2 Allen], 543 ; S. C., 89 id. [7 id.], 277) ; *Seymour* v. *Lewis* (13 N. J. Eq., 439) ; *Owen* v. *Field* (102 Mass., 90) ; *Greene* v. *New York Central, etc.* (65 How., 154) ; *Curtiss* v. *Ayrault* (47 N. Y., 73) ; *Hills* v. *Miller* (3 Paige, 254 ;

2 Wash. on Real Prop. [2d ed.], 38). The cases of *Cronkhite* v. *Cronkhite* (94 N. Y., 323) and *Wiseman* v. *Lucksinger* (84 id., 31) simply sustain the power of the owner of the Beebe lot to revoke the license to carry the water through it.

The defendant was told when she bought her lot, by Rowley, the owners of the Beebe lot and her grantors, that no persons other than her grantors owned the spring or, any right therein. Is the plaintiff estopped by Rowley's declaration, she having afterwards purchased of him without knowledge of the fact? The learned judge has decided that she was not, and we concur in his conclusion. The plaintiff was a purchaser in good faith for value and without notice of any defect in her title. She was an innocent purchaser. For a considerable time after Rowley's declaration to defendant he was permitted to use this water as before. He sold it while so using it to plaintiff. She took it as an appurtenant to the land bought. Her title cannot be defeated by a secret declaration of her grantor inconsistent with his deed. By defendant's neglect Rowley was permitted to convey the property to an innocent buyer before the defendant made known or interrupted the use of the water. As between two innocent parties, that one shall suffer the loss to whose neglect it is attributable. (*McNiel* v. *Tenth Nat. Bank*, 46 N. Y., 325, 329; Herm. on Est., §§ 328 and 332.) The author says: "But as the interest conferred by an estoppel of this description is, where real estate is involved, essentially equitable, subsequent purchasers will not be bound without notice."

We have examined the two exceptions to rulings upon the admission of testimony, and find no error to the prejudice of the defendant. In the latter case the evidence was hearsay and clearly inadmissible. In the former, if the evidence was obnoxious to section 829 of the Code, which is doubted, the essential fact was abundantly proved by other and competent evidence that Bradbury knew of the use of this water on his lot and assented thereto.

The judgment should be affirmed, with costs.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.