WILLIAM F. TAYLOR, RESPONDENT, v. ELIJAH J. MILLARD, APPELLANT.*

*Easement — a purchaser of a servient tenement is not bound by an easement not disclosed by deeds or apparent use.*

In 1850 a farm, consisting of 170 acres, was partitioned by a parol agreement between two brothers, Elijah and John, who owned it as tenants in common; seventy acres were set apart to Elijah and 100 acres to John, it being agreed that Elijah and his heirs and assigns were to have the right to enter annually upon the portion assigned to John and gather one-half of the apples growing in an orchard which was situated thereon. In pursuance of his agreement, Elijah and those claming under him annually entered upon the said 100 acres and gathered one-half of the apples, without objection on the part of those owning and using the same, until the fall of 1884, when the plaintiff, who had in March, 1880, purchased the said 100 acres from a person to whom John had

Decided January 4, 1887.

conveyed them in 1870, objected to the taking of the apples, and brought this action to recover the damages occasioned thereby.

*Held,* that, as there was nothing in either of the conveyances, nor in the apparent use of either of the tenements by their respective owners, showing or indicating the actual existence of the right now insisted on, and as the plaintiff was bound only by what the record disclosed, he was protected in his absolute title by the recording act.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, rendered upon the trial of this action in the County Court of Rensselaer county.

From the year 1836 and up to on or about the year 1850, John Millard and Elijah Millard, his brother, were tenants in common of a certain farm of about 170 acres of land, situate in the town of Berlin, in the county of Rensselaer and State of New York, and on which was and is situate the apple orchard concerning which this action is brought. In or about the year 1850 the said brothers, being tenants in common, made a parol partition of the 170 acres. It was specified and agreed upon this partition that Elijah should have seventy acres of land, and John the remaining 100 acres, upon which the orchard was wholly and entirely situated; and it was also specified and agreed upon in the same partition that Elijah, his heirs and assigns, was to have the right to enter annually upon the portion partitioned off to John, the said 100 acres upon which was said orchard, and to gather one-half the apples growing and to grow upon the trees of said orchard. In pursuance of this partition, John and Elijah went into possession and occupancy of their respective portions — John occupying the 100 acres and Elijah the seventy acres — and Elijah went each year upon the premises of John and took from the orchard situated thereon one-half the annual crop of apples of said orchard, and continued to do so without objection on the part of John or of any other person up to the time of his (Elijah's) death, in 1854. Elijah left a last will, which was duly admitted to probate by the surrogate of Rensselaer county in 1856. It devised the seventy acres, Elijah's share of land under the partition, to Elijah J. Millard, his nephew, the son of John Millard, and the defendant in this action. The said will also contained a clause giving to Elijah J., his heirs and assigns, " all the testator's right, title and interest to the apples growing or to grow in the orchard situated on the one hundred acres." Under and by virtue of these

provisions of the will, Elijah J. Millard, the said nephew of the testator, took possession of the seventy acres, and went yearly upon the adjoining 100 acres and into the orchard in question, and took therefrom one-half the annual crop of apples, and continued to do so up to 1861, when he deeded the seventy acres and all his right, title and interest therein (together with all the appurtenances) to his sister-in-law, Mary E. Millard. Ever since this conveyance the defendant has gone on the adjoining land, the said 100 acres, and gathered yearly one half the said apples, under the authority and direction of Mary E. Millard, until the autumn of 1884, when the plaintiff, Taylor, objected, and in December of the same year brought suit against the defendant in the Justice's Court. Meanwhile, on March 23, 1870, John Millard, one of the original tenants in common, conveyed the 100 acres which he occupied under the parol partition, to William A. Millard, one of his sons, who subsequently, with his wife, on March 25, 1880, conveyed the same premises to the plaintiff in this action.

*Henry L. Landon*, for the appellant.

*Samuel Foster*, for the respondent.

BOCKES, J. :

If the right to enter and take the apples in question be deemed to be a mere license, resting in parol, it was revocable at the pleasure of the owner of the inheritance. This is settled in *Cronkhite* v. *Cronkhite* (94 N. Y., 323), and in many other cases. It is doubtful whether this right, however considered, not evidenced by any valid grant or reservation giving it effect as a grant, can be regarded and treated in law as an easement. (*Wiseman* v. *Lucksinger*, 84 N. Y., 31 ; *Pierce* v. *Keator*, 70 id., 419 ; *Huntington* v. *Asher*, 96 id., 604.) It is insisted that the right, being coupled with a grant or its equivalent, growing out of a parol partition between former owners, and supported by a consideration, constitutes an easement attached to the seventy acres as the dominant tenement, resting upon the 100 acres as the servient tenement. The difficulty is that there was no valid grant in writing of the right or privilege here asserted by the defendant. It rested in parol merely. It was not contained in any grant, or declared by any reservation in a grant. So it was

not, as it could not be, made a matter of record. Consequently the recording act supervened under which the plaintiff here may claim and have protection. John Willard in 1870 conveyed the 100 acres to William A. Willard by deed, and the latter in 1880 conveyed the premises by deed to the plaintiff. Neither of these conveyances contained any reference to the right insisted on by the defendant; and both deeds were duly acknowledged and recorded. There was nothing in either of these conveyances, nor was there anything apparent in the use of either of the tenements by their respective owners, showing or indicating the actual existence of the right now insisted on. The plaintiff's record title gave no indication of its existence; and he was bound only by what the record disclosed as to the title of the premises conveyed to him, with what was apparent in its occupation and use. It follows, therefore, that the plaintiff, as the case is made on the record before us, is protected in his absolute title by the recording act. We need consider no other question in the case.

The judgment should be affirmed, with costs.

LEARNED, P. J., and LANDON, J., concurred.

Judgment affirmed, with costs.