DWIGHT JOHNSON AND OTHERS, APPELLANTS, *v.* THE SHELTER ISLAND GROVE AND CAMP-MEETING ASSOCIATION, RESPONDENT.

*Conveyance of a lot as shown on a map — the grantee acquires a right of way over a street bounding the lot, but not over parks or public places shown on the map, unless expressly referred to in the deed — no extra allowances can be granted where the value of the subject-matter involved cannot be determined.*

The defendant, an incorporated association, endowed with power and authority to purchase, hold, sell, convey and improve real property, purchased several hundred acres of land, located on Shelter Island, for the purpose of devoting it to the objects and purposes of the association. With a view to the development and utilization of the beauties and facilities of the entire property, a plan of improvement was adopted by the corporation, pursuant to which steeets, avenues, parks and places were surveyed and perfected, and clothed with euphonious appellations and designations, and lots were laid off upon the streets and avenues, but not upon the parks or the Ramble, and a map was made upon which they were all delineated. Copies of this map were exhibited to purchasers and distributed at public sales, and many lots were sold and conveyed by a deed, adopted and used in all cases, in which the lots were described by their numbers as they were designated on the map, and the frontage upon the streets or avenues on which they were located was specified.

This action was brought by the plaintiffs, who owned one or more of the lots so laid out, none of which are located on the Ramble, to restrain the defendant from constructing a hotel on the Ramble, on the ground that the land had been dedicated and devoted by the defendant, by grant and by equitable estoppel, as an appurtenant easement for the use of the plaintiffs and other purchasers.

*Held,* that the claim was not well founded.

That although the conveyance of a lot with reference to a map designating a strip of land as a street, upon which the lot is located, or the conveyance of a lot with a boundary upon a street, gives the grantee a right of way over the street to his lot, as against the grantor and persons claiming under him, as an appurtenant to the land, the appurtenant right so given does not extend to streets and parks shown on the map with which the property conveyed has no immediate connection.

*Badeau* v. *Mead* (14 Barb., 332); *Newman* v. *Nellis* (97 N. Y., 285) followed; *Wyman* v. *The Mayor of New York* (11 Wend., 486) distinguished and disapproved.

That an appurtenant right cannot extend to separate and distinct premises without a specification of the same as a distinct subject, and that the symbolical indications upon the map to denote a public place were too uncertain and indistinct to constitute the foundation of a legal right.

An order was made granting to the defendant an additional allowance of $500.

*Held,* that as the title to the property was not brought in question, but only the

legal right of the plaintiffs to have the Ramble maintained in a state of nature for their use as a ramble or open space, there was no basis for determining the value of the subject-matter involved, and that the order should be reversed.

Appeal by the plaintiffs from a judgment dismissing their complaint, entered on a trial at the Kings county Special Term, and from an order granting an additional allowance of $500 to the defendant.

*Joshua M. Van Cott* for the appellants.

*Wm. B. Hill* and *Wm. C. De Witt* for the respondent.

Dykman, J.:

It is the object of this action to obtain a judgment which shall restrain the defendant from using a certain space of ground belonging to the association called the Ramble, for the erection of a hotel, and which shall also declare such space to be public ground and dedicated to the use of the plaintiffs and others.

The basal facts in the case are these: The defendant is an incorporated association created by special law and endowed with power and authority to purchase and hold real property, and sell and convey the same, and to make all necessary and desirable improvements thereon. The association was organized under its charter in the year 1872, and purchased several hundred acres of land located on Shelter Island, in the county of Suffolk, for the purpose of devoting the same to the objects and purposes of the association. The island was environed by sea water and conspicuously elevated. It was diversified with summits and slopes and vales, and the entire configuration of the land was well adapted to the subservience of the aims and objects of the corporation. It furnished a great variety of desirable locations, and a plan of improvement was adopted by the corporation with a view to the development and utilization of the beauties and facilities of the entire property. Streets and avenues and parks and places were surveyed and projected, and clothed with euphonious appellations and designations, and lots were laid off upon the streets and avenues, but not upon the parks or on the Ramble, so far as we can see or learn from the record, and a map was made upon which they were all delineated. Copies of this map were exhibited to purchasers and distributed at public sales, and many

lots were sold. One form of a deed was adopted and used to convey all the lots. It conveys the lots by their numbers as they are designated on the map, and specifies their frontage upon the streets or avenues on which they are located, and contains many conditions which are immaterial in this case.

The plaintiffs each own one or more of the lots so laid out and designated on the maps, but neither of their lots are located on the Ramble. The defendant now proposes to construct a hotel on the Ramble, and the plaintiffs seek to restrain such erection because the land has been dedicated and devoted by the defendant by grant and by equitable estoppel as an appurtenant easement for the use of the plaintiffs and other purchasers from the defendant.

To constitute a dedication of land there must be clear, unequivocal and decisive acts of the owner manifesting a positive and unmistakable intention to make a permanent abandonment of his property to the specific purpose intended. Dedication itself is an easement in land, but these plaintiffs do not contend for the effect of a full dedication to the public. They claim the devotion to them and others of the space called the Ramble, by right of their purchases, and this involves another view.

The conveyance of a lot with reference to a map designating a strip of land as a street upon which the lot is located, or the conveyance of a lot with a boundary upon a street, gives the grantee a right of way over the street to his lot as against the grantor and persons claiming under him. Such a right of way is annexed as an easement to the lot located upon the street, but it does not operate as a dedication of the street to the public until there has been an acceptance of the same, but the grantee has a right to the use of the street open at both ends to the full extent of its dimensions as soon as the conveyance is made. Such right attaches as an appurtenant to the land. The reference to the map designating the lot as located on a street as laid thereon, amounts to a declaration that the space is a servitude or right of way from the property conveyed to a public thoroughfare.

As between the grantor and grantee they become public streets to all intents and purposes, but the public is charged with no duty in relation thereto.

But the appurtenant right does not extend to streets and parks

with which the property conveyed has no immediate connection. A different view was expressed in the opinion of the chief justice in the case of Wyman (11 Wend. 486), but the case required the decision of no such question and called for no such remark. The doctrine never received adoption into the jurisprudence of this State and it is opposed to well-settled principles of law, and it was repudiated by the Supreme Court in our district in the case of *Badeau* v. *Mead* (14 Barb., 332).

The implication of a grant of an easement in a street, to the purchaser of a lot located upon it, proceeds on a construction of the grant itself, which is held to constitute an appropriation of the spaces designated as streets appurtenant to the land conveyed, but not to any other land. If there be no reference in the deed to a street, there can be no easement in it. (*Badeau* v. *Mead, supra.*)

The case of *Newman* v. *Nellis* (97 N. Y., 285), seems to be decisive of this point. That was an action to compel the removal of obstructions placed by the defendant upon land over which the plaintiff claimed a right of way. The defendant Nellis sold and conveyed a lot of land to Michael Newman, and by him it was conveyed to one Parkhurst who conveyed the same to the plaintiff. The deed described the premises by metes and bounds, but made no reference to any street or to any map.

Judge ANDREWS in delivering the opinion of the court, says: " The case is not within the doctrine that where the owner of a tract of land lays it out into lots or streets and afterward conveys lots bounding them on the streets so laid out, or by reference in the deed to a map on which the streets are designated, he impliedly grants an easement in the streets to the purchaser."

During the negotiations between the defendant and Michael Newman for the sale of the lot, the defendant represented to Newman that the lot was a corner lot situated on the corner of two streets or highways, and promised him that he would open the latter for the use of Michael and his family and the public. Michael was induced to make the purchase of the lot at a large price by such representations and promises, and had erected a dwelling-house thereon. The defendant had sold lots to other persons upon similar promises and assurances.

Upon this subject Judge ANDREWS further said: "It may be conceded that the promise of the defendant, made to Michael Newman, to open the street, standing alone, would, if unexecuted, be incapable of enforcement. The plaintiff would encounter several difficulties. In the first place, she would be met by the objection that the deed was the final consummation of the bargain, and merged all prior negotiations and stipulations. If this could be answered by the claim that the promise to open the street was a distinct collateral undertaking, and was not, therefore, within the rule excluding parol evidence to vary a written instrument (as to which we express no opinion), the further objection affecting the legal validity of the promise would remain, that it related to an incorporeal right in real estate, and, not being in writing, was void by the statute of frauds." This opinion brings before us well settled principles of law, and is in harmony with the adjudicated cases and elemental writings. The road or way was subsequently opened, and such opening was held to enure to the benefit of the lot owners, and to conclude the grantor and estop him from its obstruction. Under the doctrine taught by this case, some reference in the deed of conveyance to a street, which shall evince an intention to appropriate the same as an appurtenant to the land conveyed, is essential to the acquisition of an easement by the grantee.

It seems to result from this examination that the plaintiffs took no rights except such as resulted from and were secured by their deeds of conveyance, as easements annexed to their property; and it follows, necessarily, that they took no interest in other streets, parks or places, because they are unnecessary for the beneficial enjoyment of their property. All claims for easements must be founded upon grants or upon prescription, which supposes a grant.

An appurtenant right cannot extend to separate and distinct premises without a specification of the same as a distinct subject. (*Badeau* v. *Mead, supra.*) The facts upon which that case went to the court were very similar to those presented in this case. The sale was made at auction by a map and the plaintiff in that action insisted upon the same legal result as the plaintiffs here. And the court said by the opinion, after reciting such facts: "It is apparent from this statement that the plaintiff's whole reliance for relief must be upon his deed and the map to which it refers.    *    *    *

Opinions may have been, and I think were, expressed by some of the members of the court for the correction of errrors, that a purchaser of a city lot had an interest in all the streets described in the map of a large tract owned by the vendor, to which a reference was made in his deed; but that point was not necessarily involved, and any opinion upon it, opposed as it is by well-settled principles, cannot be considered as a controlling authority."

The symbolical indication upon the maps to denote a public place are quite too uncertain and indistinct to constitute the foundation of a legal right, and even if they were as distinct and certain as the plaintiffs claim, they would furnish no aid to them, because they must as we have seen derive all their rights from their conveyances and they contain no reference to the Ramble. Our conclusion is, therefore, that the judgment should be affirmed with costs.

There is also an appeal from an order granting to the defendant an additional allowance of $500, and we think the order is erroneous. An additional allowance must be based upon the value of the subject-matter involved in the action, and in this action that subject-matter was a mere legal intangible right. The title to the property was not brought in question and all the plaintiffs' claimed was a right to have it maintained in a state of nature for their use as a ramble or open space. It involved only a legal right whether the defendant should control its own property, to which the title was undisputed or whether the plaintiffs had acquired an easement therein.

There being no basis for the support of the claim for an additional allowance, the order should be reversed, with ten dollars costs and disbursements.

BARNARD, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs, and order granting allowance reversed, with ten dollars costs and disbursements.