## CROASDALE v. LANIGAN.

*(Supreme Court, General Term, Fourth Department.   February, 1891.)*

LICENSE—REVOCATION—CONSTRUCTION OF RETAINING WALL.

> Pending negotiations looking to the construction of a retaining wall between the adjoining lots of plaintiff and defendant, it was agreed that defendant should furnish the ground, and that plaintiff should build the wall. Thereupon plaintiff built the wall according to the agreement. *Held*, that defendant could not afterwards withdraw the license, and remove the wall. Distinguishing *Wiseman* v. *Lucksinger*, 84 N. Y. 31.

Appeal from special term, Onondaga county.

Action by Robert Croasdale against Daniel M. Lanigan. From a judgment restraining defendant from taking down or interfering with a retaining wall built by plaintiff between the premises of the parties, defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Jones & McGowan*, for appellant.   *Waters, McLennan & Waters*, for respondent.

MERWIN, J.   On the 2d October, 1885, the plaintiff became the owner of a lot on Genesee street in the village of Geddes, now city of Syracuse, and on the 28th December, 1885, the defendant became the owner of a lot adjoining the plaintiff on the east. The land then sloped considerably from the west to the east, and the plaintiff, prior to defendant's purchase, commenced to grade his lot, and to build a dwelling-house thereon. In 1886 the defendant commenced to grade his land preparatory to building, and in so doing cut away

and removed the soil up to and along the plaintiff's east line to the depth of several feet,—about four feet, as the defendant testified,—thereby removing the natural support to the plaintiff's land; and, in order to prevent the bank from giving way, and the soil on plaintiff's lot from being precipitated upon the defendant's land, negotiations were opened between the parties looking to the construction of a retaining wall. The plaintiff then claimed, as the defendant testifies, that he (the defendant) would be obliged to build a wall there to support the bank. The defendant claimed he would not, but he would leave sufficient earth to support the land as it naturally lay there, and that he was not obliged to furnish support for new earth that plaintiff had placed there in grading. The plaintiff then wanted to buy of defendant two feet upon which to build a wall, but defendant declined to sell. After this, and on April 13, 1887, the defendant wrote the plaintiff a letter, in which, among other things, he said he had decided "to give you the two feet you asked for to build your wall on." The plaintiff immediately thereafter went on and constructed on the premises of defendant, along the western boundary thereof, a wall of stone, without mortar, of about ninety feet in length, and of height varying from four to six feet above defendant's grade. In doing this a trench was dug some two feet below the then existing surface, and in it a footing course was laid, upon which the wall was built. The cost of the work to the plaintiff was about $100. Twenty-two inches of the wall was upon the defendant's land, and it served to prevent the lands of plaintiff from falling upon the defendant's land. The defendant claims that the wall was not built in the manner that plaintiff proposed to do it in the interviews before the letter of defendant was written. This, however, the plaintiff denies, and the court below declined to so find. To the refusal to so find the defendant excepted, and now urges that this refusal was error. We cannot, however, say that this refusal was against the weight of evidence. The defendant made no complaint about the wall while it was being built, although he had opportunity to see it. In the fall of 1889 the defendant threatened to remove the wall, and this action was then brought.

We must, I think, assume that the wall, as built, was substantially in accordance with the object and design of the parties when the consent of defendant was given in his letter of April 13, 1887. That being so, can the consent or license not be withdrawn, and the wall be removed by the defendant? The theory of the defendant is that the plaintiff, in order to maintain the wall on defendant's premises, must have an easement in them, and that the license or consent or gift in this case did not give such easement. The defendant seems to rely mainly on the case of *Wiseman* v. *Lucksinger,* 84 N. Y. 31. In that case the parties owned adjoining city lots fronting on a street in which there was no sewer. Defendant built an under-ground drain or sewer of plank from his house to a sewer in another street, and gave to plaintiff, for the consideration of seven dollars, a writing stating that the money was received "for the right to drain through my premises;" and thereupon plaintiff built a similar drain of plank connecting with defendant's drain. After the lapse of over 20 years the plaintiff took up his drain, and replaced it with one of tile, of larger capacity than defendant's, and this operated to throw the sewerage back upon defendant. It was held that the license given by defendant was revocable; that it should be regarded as a temporary arrangement; and that the 20-years user did not give plaintiff a prescriptive right to the easement, as the possession was not adverse. In the opinion (page 41) it is said: "There are no doubt many cases in which courts recognize an equitable right to an easement without a deed; but there will be found in them either an express agreement for an easement, or an acquiescence or consent by conduct, which has led to the erecting of permanent works, or valuable and lasting improvements, or some other fact which would make the assertion of a legal title operate as a fraud upon the persons setting up

the equitable right. But here there is no agreement for an easement, and no circumstances which render it inequitable in the defendant to insist upon the application of the statute." In *Cronkhite* v. *Cronkhite*, 94 N. Y. 323, the principle of the *Wiseman Case* was applied to the case of a parol agreement, giving the right to take in pipes from a spring the surplus water. It was held to be revocable, though a consideration was paid, and there had been a user for over 20 years, it being said that the agreement was not sufficiently specific and definite for enforcement in equity. In neither of those cases was there any duty or obligation upon the licensor to the licensee, the performance of which was accomplished by the license or agreement in controversy. In that respect those cases differ from the present. Here there was an obligation upon the defendant not to interfere with the lateral support which the plaintiff was entitled to have to his land. As said in *Losee* v. *Buchanan*, 51 N. Y. 479: "Every man has the natural right to the use of his land in the situation in which it was placed by nature, surrounded and protected by the soil of the adjacent lots. He has the right to the support of the adjacent soil, and to that extent has an easement in his neighbor's soil; and, when the soil is removed, his easement is directly interfered with." This right or easement will be protected by injunction. *Farrand* v. *Marshall*, 21 Barb. 409; *Trowbridge* v. *True*, 52 Conn. 190; High, Inj. (2d Ed.) § 753. This right was to a certain extent acknowledged by the defendant in his negotiations with the plaintiff. The plaintiff claimed more than the defendant thought he was entitled to. As a result, by way of compromise, the defendant furnished the foundation and the plaintiff built the wall. The principle laid down in *Newman* v. *Nellis*, 97 N. Y. 285, is somewhat pertinent: "A person morally bound to fulfill a promise to do a certain act or thing may not, after the act or thing has been done, recall it to the prejudice of the promisee, on the plea that the promise was invalid under the statute of frauds, and, while executory, performance could not have been enforced by action." This case is somewhat analogous to the settlement by the parties of an uncertain boundary line, and one party has acted on the faith of such settlement and made improvements; the other cannot then repudiate the settlement. *Vosburgh* v. *Teator*, 32 N. Y. 561. We think it was correctly held by the special term that the defendant had no right to remove the wall. All concur.