CHARLES G. BOUGHTON and Others, Plaintiffs, v. ELIZABETH B. BALDWIN and Another, Defendants.

Supreme Court, Chautauqua County, May 2, 1929.

*Ottaway & Munson,* for the plaintiffs.

*William S. Stearns,* for the defendants.

HINKLEY, J. This action, although tried many months ago, was only recently submitted to the court.

The plaintiffs seek a declaratory judgment against defendants, determining the rights of plaintiffs and others to the use of certain beach lands on the west shore of Chautauqua lake, and restraining interference with such rights.

For the purpose of developing a summer colony on the shore of Lake Chautauqua a corporation known as " Wahmeda Improvement Company " purchased a tract of land about 1,000 feet wide running from the main road to the water's edge.

The tract of land so purchased by the Wahmeda Improvement Company was surveyed, plotted and a map filed. Although the elaborate plan of a large hotel and extensive dock was not carried out, it never lost its original character of a summer colony, with the usual privileges perpetually intended for all owners of lots wherever situated in the tract. By intention and by actual user the lot owners enjoyed the benefits of the beach and the lake for bathing, boating and fishing. This included the right in common to erect temporary docks and the free use of the entire beach as a playground for children, and as a place of recreation for adults.

The development contemplated and in its execution created a tract of land divided into lots by various streets. There was planned and dedicated a street known as Lake avenue. This avenue extended the entire length of the tract parallel with the lake and along the edge at the top of the bank. Lots facing upon that avenue had a free and unobstructed view of the lake. At the lake side of that avenue the shore commenced and sloped gradually down to the water's edge. This was intended to and gave to the lot owners in common free access to the shore, beach and lake at any point of the tract bordering on the lake. Reference to the written records and testimony leads one to the irresistible conclusion that until very recently every person, even remotely interested in the tract, acted in accordance with that intention.

Specific reference may be had to the deed of the former defendant Elizabeth B. Baldwin and her husband (Exhibit 29), which describes the south side of Lake avenue as " the shore front." The advertisement (Exhibit 40) offers to lot purchasers anywhere in the tract " riparian rights in the shore line of about 900 feet, having an undivided interest in common with other owners of lots, including

wharf, anchorage for boats, bathing beach, etc., which is of special value to their lot and which no other resort gives." A letter (Exhibit 42) offers lots 114 to 119 as having " unobstructed views of the lake." Attention is called to the fact that the warranty deed of Catherine A. Holmes to William S. Douds does not warrant but only quit claims the grantor's right to the land lying between lots bordering on the south side of Lake avenue and the low-water mark of Chautauqua lake.

Part way down the sloping bank which extends from the lake side of Lake avenue to the water's edge there had existed until a few years ago a railroad running parallel with the lake and at various distances from the water's edge. There is no evidence to indicate by deed or recorded instrument the right of way of such railroad. As it came without evidentiary right, so it was discontinued and abandoned without future claim.

Legal title to the sloping bank lying between Lake avenue and the water's edge vested in the former defendant, Elizabeth A. Baldwin, save as she quitclaimed a portion thereof to William S. Douds. (*Stewart* v. *Turney*, 237 N. Y. 117.)

Legal title vesting in Elizabeth A. Baldwin was, after the commencement of this action, quitclaimed by all of her heirs to the defendant Augustus S. Holmes, Jr. Such legal title, however, was subject to the perpetual easement of lot owners of the Wahmeda tract to use the land, from the shore line at the edge of Lake avenue to the water's edge, for wharfage, boating, fishing, recreation and bathing purposes.

The plaintiffs purchased their lots upon the representation that the land from the shore line at the top of the bank to the water's edge should be used in common by all of the lot owners for beach purposes. This land was thereafter dedicated and used in accordance therewith and plaintiffs could not and cannot hereafter be deprived of that appurtenance. This principle, laid down as to parks and streets, is well grounded in the law, and is equally applicable to the beach land in this case. (*Newman* v. *Nellis*, 97 N. Y. 285; *Stillman* v. *City of Olean*, 228 id. 322, 329; *Johnson* v. *Shelter Island Grove & Camp Meeting Assn.*, 122 id. 330; *White* v. *Moore*, 161 App. Div. 400; 19 C. J. 935.)

Injunction will not issue against the defendant Augustus S. Holmes, Jr., as there is no evidence of interference upon his part with the rights of plaintiffs as herein determined.

Judgment declaring the rights of the parties hereto in accordance with this memorandum may be entered, with costs to the plaintiff.