OLYMPIC ATHLETIC CLUB v. BINGHAM, Police Com'r, et al.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

INJUNCTION—SUBJECTS OF PROTECTION AND RELIEF—CRIMINAL PROSECUTIONS.

Equity is without jurisdiction at the instance of an athletic club, whose members and guests indulge in roller skating on Sunday in alleged violation of the Sunday observance law, to grant an injunction restraining the police from entering the premises of the club.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 178, 179.]

Appeal from Special Term.

Action by the Olympic Athletic Club against Theodore A. Bingham, individually and as police commissioner, for damages and an injunction restraining defendants from entering on the premises of plaintiff and interfering with its members and guests indulging in roller skating on Sunday. From an order continuing, during the pendency of the action, the temporary injunction granted, defendants appeal. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Theodore Connoly, for appellants.
Henry Hirschberg, for respondent.

INGRAHAM, J. In this case the defendants are charged with illegally and unlawfully entering upon the plaintiff's premises without warrant, and forcibly preventing the members of the plaintiff and their guests from indulging in roller skating on Sunday. The complaint alleges that the plaintiff and its members and guests have never been guilty of any violation of law, and judgment is demanded for $1,000 damages, as well as an injunction restraining the defendants from interfering with the plaintiff or its members and guests, and from entering upon the said premises without the permission of the plaintiff or without a lawful warrant of some court. So far as this action is to recover damages for an unlawful trespass it can undoubtedly be maintained; but there is certainly nothing to justify a court in such an action in granting an injunction restraining the police from entering the plaintiff's premises. It would appear that there are two causes of action joined: One for damages for a past trespass, and the other for an injunction restraining future trespasses.

I do not think under these facts that the court had any jurisdiction to restrain the police from entering the premises, and for that reason the order appealed from must be reversed, with $10 costs and disbursements, and the motion for an injunction denied, with $10 costs.

McLAUGHLIN, CLARKE, and SCOTT, JJ., concur.

LAUGHLIN, J. (concurring). I concur in the reversal of the injunction order in this case upon the grounds stated in my concurring memorandum in Eden Musee American Company, Limited, v. Theodore A. Bingham, Police Comm'r, et al. (argued and decided herewith) 110 N. Y. Supp. 210, which apply to the facts here presented.