(61 Misc. Rep. 124.)

COHEN v. DEPARTMENT OF HEALTH OF CITY OF NEW YORK et al.

(Supreme Court, Special Term, Kings County.   November 23, 1908.)

1. EVIDENCE (§ 29*)—JUDICIAL NOTICE—HEALTH REGULATIONS.
    Regulations of the board of health as contained in the New York Sanitary Code having been ratified by Laws 1880, p. 246, c. 135, Laws 1882, p. 158, c. 410, § 575, Greater New York Charter (Laws 1897, p. 418, c. 378, § 1172), and by the amended charter Laws 1901, p. 499, c. 466, judicial notice will be taken thereof.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 36, 37; Dec. Dig. § 29.*]

2. MUNICIPAL CORPORATIONS (§ 592*)—HEALTH REGULATIONS—CHANGE—EVIDENCE.
    The burden of showing a change in the provisions of New York Sanitary Code after its adoption by the Legislature is on the person relying on such alleged change.

    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 592.*]

3. INJUNCTION (§ 105*)—RESTRAINING ENFORCEMENT OF CRIMINAL LAW.
    Since Greater New York Charter (Laws 1897, p. 418, c. 378) § 1172, makes a violation of New York Sanitary Code a misdemeanor, and provides that pecuniary penalties for a violation may be recovered by the board of health in a civil action, a motion for a temporary injunction to restrain the New York Board of Health from interfering with plaintiff in keeping, selling, slaughtering, storing, and otherwise disposing of poultry at a certain location in the Borough of Brooklyn, after the board of health had refused a permit required therefor by Sanitary Code, § 79, which prohibits the keeping, killing, etc., of poultry within the built-up portion of the city without a special permit, was in the nature of an appeal to equity to restrain public officers from enforcing the criminal law and unsustainable.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 178, 179; Dec. Dig. § 105.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. MANDAMUS (§ 87*)—SCOPE OF REMEDY.

    If a city's board of -health arbitrarily, tyrannically, or unreasonably refuse a permit to keep, sell, and kill poultry in a certain locality in such city, the remedy is by an alternative writ of mandamus.

    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 189, 192; Dec. Dig. § 87.*]

Action by Joseph Cohen against the Department of Health of the City of New York and another. Motion for a temporary injunction. Denied.

Gates Hamburger, for the motion.

Francis K. Pendleton, Corp. Counsel (Patrick Callahan, of counsel) opposed.

STAPLETON, J. The plaintiff moves for a temporary injunction restraining the defendant from interfering with the plaintiff in keeping, selling, slaughtering, storing, and otherwise disposing of poultry at No. 614 Flushing avenue, in the borough of Brooklyn. He alleges in his complaint that he made an application to the defendant, the Board of Health, for a permit to keep, sell, and slaughter live poultry on the premises; that the application was denied without notice and without giving him any hearing; that he complied with all the rules and regulations prescribed by the Board of Health; that he spent large sums of money fitting up his premises for the purpose of keeping, selling, and slaughtering live poultry; that the defendant intended to institute civil and criminal actions against him for the purpose of preventing him from carrying on the business for which he sought the permit. These are all the material allegations in his complaint.

The acts sought to be enjoined are the prosecution of civil and criminal proceedings. The defendants present no answer to the complaint, and submit no affidavits upon this motion. The plaintiff does not prove that section of the Sanitary Code under which the defendants have the right to grant or control the permit. Ordinarily the court could not take judicial notice of it. The Sanitary Code of the city of New York, however, was ratified and confirmed by the Legislature by chapter 135, p. 246, Laws 1880. Section 575, Laws 1882: page 158, c. 410, Greater New York Charter (Laws 1897, p. 418, c. 378, § 1172); and the amended charter (Laws 1901, p. 499, c. 466). Section 79 of the Sanitary Code by statute adopted and declared to be binding and in force, except as the same may, from time to time, be revised, altered, amended, or annulled, as provided in the Greater New York charter, is as follows:

    "That no live chickens, geese, ducks, or other fowls shall be brought into or kept or held or offered for sale, or killed in any yard, area, cellar, coop, building, premises or part thereof, or in any public market, or on any side-walk or other place within the built-up portion of the city of New York, without a special permit, in writing, from the department of health and subject to the condition thereof."

The burden of showing a change in its provisions after its adoption by the Legislature is therefore upon the plaintiff. Any violation of the Sanitary Code is a misdemeanor, and pecuniary penalties for viola-

tion of its provisions may be provided· for and recovered by the department of health in a civil action. Greater New York Charter, § 1172; People v. Davis, 78 App. Div. 571, 79 N. Y. Supp. 747. The motion of the plaintiff, therefore, is an appeal to a court of equity to restrain public officers from the enforcement of the criminal law. This appeal equity will not heed. Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, 2 L. R. A. (N. S.) 678, 111 Am. St. Rep. 759. The Court of Appeals in the· case of Metropolitan Board of Health v. Heister, 37 N. Y. 661, 664, 672, reversed a judgment granting· an injunction preventing the board enforcing an order forbidding slaughtering cattle in a densely populated part of the city. This is not an application for an order enjoining the abatement of a nuisance involving the destruction of· or injury to private property when a nuisance in fact and in law does not exist. If the action of the Board of Health in refusing the plaintiff a permit was arbitrary, tyrannical, or unreasonable, he may have a remedy by an alternative writ of mandamus. People ex rel. Lodes v. Department of Health, 189 N. Y. 187, 194, 196, 82 N. E. 187, 13 L. R. A. (N. S.) 894.

Motion for a temporary injunction must be denied.