# SUPREME COURT — SPECIAL TERM — WESTCHESTER COUNTY.

### March, 1923.

## JAMES FUSARO v. THOMAS A. McKENNELL.

(120 Misc. 434.)

EQUITY WILL NOT INTERFERE WITH THE ENFORCEMENT OF CRIMINAL LAW—
CONCEALED WEAPONS—ADMISSIBILITY OF EVIDENCE—INJUNCTIONS.

Plaintiff moves to restrain defendants *pendente lite* from offering as evidence against him in a pending criminal proceeding a revolver found in his apartment by one of the defendants, a police officer, and to prevent the officer from testifying against him. The daughter of plaintiff had told the officer that her father had threatened her life with a revolver. In denying the motion, *held*, that the crime of having the revolver was committed in the officer's presence; that the evidence will be admissible no matter how obtained; that plaintiff comes into equity with unclean hands and that a court of equity will not interfere with the endeavors of public officers to enforce the criminal law.

MOTION to prevent the use of evidence.

*Benjamin M. Freeman,* for plaintiff.

*Clinton T. Taylor, Corporation Counsel,* for defendants.

TAYLOR, GEORGE H., JR., J.:

This is a motion to restrain the defendants *pendente lite* from offering as evidence in a criminal proceeding pending against the plaintiff, the revolver found in plaintiff's apartment by one of the defendants, who was a police officer of the city of Mt. Vernon, or from testifying to facts learned by him and a fellow-policeman at the time when the revolver was found, upon the ground that the possession of the revolver by the defendants herein, and the obtaining of such information was the result of

an unlawful search of the plaintiff's apartment, in violation of the Civil Rights Law.

The revolver will be competent evidence in the criminal proceeding, even if it were obtained for use as evidence by means which were in violation of the plaintiff's rights.    (People v. McDonald, 177 App. Div. 806; People v. Adams, 176 N. Y. 351; Commonwealth v. Tibbetts, 157 Mass. 519.)    On plaintiff's theory the policeman, defendant, who took the revolver from the apartment of the former, was a trespasser, who, while committing a trespass, obtained information and also the revolver, which the defendants herein will seek to use as evidence in the prosecution.

"A trespasser may    *    *    *    put in evidence pertinent articles or papers found by him while trespassing.    For the trespass he may be held responsible civilly, and perhaps criminally; but his testimony is not thereby rendered incompetent.'"    (Bartlett, J., in People v. Adams, supra, at page 357, quoting with approval from Commonwealth v. Tibbetts, supra.)

We have seen that the evidence will be admissible no matter how it was obtained; that is the law; and equity follows the law.    No case has been cited by the learned counsel for the plaintiff, and I have been able to find no case in which a court of equity has restrained the giving of competent evidence in a criminal trial.    This case has a serious public aspect; if the defendants are restrained from offering the revolver in evidence, and from giving testimony as to what was ascertained at the time of the claimed search of the plaintiff's apartment, the crime of which the plaintiff may be guilty in having that article in his possession without having complied with legal requirements, may go unproven, to the detriment of the interests of the public.

In the case at bar the officer served a summons upon the plaintiff; he was not arrested upon a warrant or otherwise; I think, however, that the case is not distinguishable in principle from People v. Esposito (118 Misc. Rep. 867), which was a case in

which the defendant was found acting suspiciously and was arrested after a search had disclosed a revolver in his possession. The court said, at page 872: "If a police officer is in bodily reach of a person then and there actually engaged in the commission of a misdemeanor, and observing indications of the commission of the offense, sufficient to induce reasonable belief of the fact, acting in good faith intending performance of duty, proceeds to arrest such person, the arrest is lawful as for the commission of a crime in the officer's presence."

In the case at bar the crime of having the revolver was committed in the officer's presence; the statement of the daughter of the plaintiff that he had threatened her life with a revolver was sufficient to cause the officer to suspect that Fusaro had that instrument; an arrest, therefore, would have been justified (People v. Esposito, *supra*) ; the fact that a summons was issued to the plaintiff, in my opinion, does not make the situation any different; if a lawful arrest had been made the incidental search resulting in the discovery of the revolver was lawful also. (See opinion of Gaynor, J., in Smith v. Jerome, 47 Misc. Rep. 22.) Indeed, it seems clear that it was the duty of the officer to make the search under the circumstances. (People v. Esposito, *supra*.)

Nor am I convinced that this plaintiff is without adequate remedy at law in the premises; if the search was, in fact, unlawful, the defendant, policeman, was guilty of a trespass for which the plaintiff may proceed against him at law; and likewise, if the search was unlawful, the plaintiff may undoubtedly maintain an action at law in replevin to recover the revolver from the defendants.

It is to be observed also that the plaintiff, on the papers submitted, seems to be a violator of the criminal law; to a person in that position it is clear that a court of equity will not extend relief, for he comes into equity with unclean hands. The case at bar also seems to me to be one within the general rule which illustrates the reluctance of a court of equity to interfere for

the purpose of restraining the endeavors of public officers charged with its enforcement, to enforce the criminal law; such restraint is never had except in extreme cases where it is necessary for the court to intervene to prevent grave injustice or irreparable injury. (See Moore v. Owen, 58 Misc. Rep. 332; Olympic Athletic Club v. Bingham, 125 App. Div. 793; Shepard v. Bingham, Id. 784; Cohen v. Dept. of Health, 61 Misc. Rep. 124; Colby v. Bingham, 62 id. 396; Lee v. O'Malley, 140 App. Div. 595.)

A decision restraining the defendants in this case, it seems to me, would not only violate the principles of equity but might work great detriment to the public interests; it is pre-eminently, in my opinion, a case which requires that the plaintiff be left to enforce his claimed rights by the remedies which are provided at law.

I have considered very carefully the masterly brief of plaintiff's counsel, but find no principles of law set forth therein which are in conflict with the views herein expressed.

Motion for an injunction *pendente lite* denied, with ten dollars costs to abide the event of the action.

Ordered accordingly.