## MERCURIO ET AL. *v.* HALL.

[No. 11,783. Filed June 12, 1924.]

1. EASEMENTS.—*Alterations.*—*Grantee May Make in Order to Render Grant Effectual.*—If, at the time of the grant of an easement, the condition of the place where the right is to be exercised is unfit for the purpose thereof, the grantee may make such alterations as will render the grant effectual, and if, after such grant, the easement becomes useless because of the change in the grade of the highway with which it connects, or for other reasons, the owner of the way may make

such changes as are necessary to make it available for the purposes intended.   p. 557.

2.  EASEMENTS.—*Private Alley.—Change of Grade.—By Co-tenant in Easement.*—Where deeds to two adjoining lots reserved and created a private alley between them, ten feet in width, five feet of which was to come off one lot and five feet off the other, for the purpose of making a driveway between said lots to the rear thereof, the owner of either lot, after a change in the grade of the street rendering the alley inaccessible, has the right to excavate the full width of the alley so as to make it usable and convenient for the purposes for which the easement was created.   p. 558.

From Union Circuit Court; *Cecil C. Tague,* Judge.

Action by Sallie Hall against William A. Mercurio and another. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Kelly & Kelly,* for appellants.

*A. C. Lindemuth* and *Arthur Wilsdorf,* for appellee.

NICHOLS, J.—Action by appellee against appellants for damages. A trial by jury resulted in a verdict in favor of appellee for $500 damages, upon which, after motion for a new trial was overruled, judgment was rendered. The error assigned and presented in this court is the action of the court in overruling appellants' motion for a new trial, in which appellants have specified ten errors. Appellee, with much merit, challenges appellants' brief because of its failure to make reference to these errors, or to address any point or authority thereto, or to discuss the same. It must be conceded that appellants have not made specific application to the propositions of law to the alleged errors, but it is apparent that they have in good faith tried to help the court by presenting their view of the law controlling the case, by which we readily determine that they undertake to present the insufficiency of the evidence to sustain the verdict, and that the verdict is contrary to law.

The action is for damages resulting from appellants'

alleged trespass upon an easement or private right of way in changing the grade thereof without the consent and over the protest of appellee, to the center of which right of way, appellee has absolute title, subject only to the easement over the same for passageway. Appellee, in her briefs, says that by a careful perusal of the complaint and supplemental complaint, it will appear that the action is not founded on negligence, but that it is for a recovery of damages for trespass by appellants upon the easement or private way. It is admitted that the deeds to appellants and to appellee respectively, from the original grantor, reserved and created a private alley, ten feet in width, five feet of which was to come off of the west side of appellee's property and five feet off of the east side of appellants' property and the adjacent property between appellants' property and South Street. It is undisputed that appellants excavated such private right of way and changed the grade thereof by excavating eight feet in width thereof to the depth of two and a half feet at the front or sidewalk line, back to the rear of appellee's lot, a distance of eighty feet, where the excavation was from eight to twelve inches. Before such excavation, it was impossible for an automobile truck or a team of horses and wagon to go over the private way because of the almost vertical bank at the front of the alley. There is some dispute as to other facts, but there is evidence that the excavation was made without the consent of appellee and over her objection and protest, and that she suffered damages thereby. The question that we are called upon to consider is as to whether, under the circumstances of this case, and in the absence of any issue of negligence, appellee was entitled to judgment for the damages suffered. To this end, we consider whether the evidence was sufficient to sustain the verdict, and whether it was contrary to law. The passageway of

the alley having been made of the width of ten feet, it is reasonably implied that it was intended as a passageway for vehicles such as wagons and automobiles. It is to be observed, however, that, in the condition in which it was at the time of the grant, or in which it was thereafter made because of the excavation of the street, it was useless for the purposes aforesaid because of the almost vertical bank at the front entrance of the alley, which was about two and a half feet in height.

It is the law that if, at the time of the grant of an easement, the condition of the place where the right is to be exercised is unfit for the purposes thereof,

1. the grantee may make such alteration as will render the grant effectual, and if, after such grant of an easement, it becomes useless because of the change in the grade of the public highway with which it connects, or for other reasons, the owner of the way may lower the grade to a corresponding level. *White* v. *Eagle, etc., Hotel Co.* (1894), 68 N. H. 38, 34 Atl. 672. As expressed in *United N. J. R., etc., Co.* v. *Crucible Steel Co.* (1915), 85 N. J. Eq. 7, 95 Atl. 243, it is the right of a dominant owner to do whatever is reasonably necessary to the enjoyment of an easement, and to keep it in a proper state of repair. It was certainly necessary to the enjoyment of the private way that appellants should so adjust the grade of the way as to make it accessible from the street, otherwise it was useless.

In *Rotch* v. *Livingston* (1898), 91 Me. 461, 40 Atl. 426, the action was to restrain the defendants from excavating, grading, draining and also building a sidewalk upon a strip of land ten feet wide in front of plaintiff's premises, being a part of a private way fifty feet in width as originally laid out by the former owner, and it was held that the action could not be maintained, the court holding that as the right of the grantee was

a way of a definite width, without restrictions to use the entire width, and that such grantee was not restricted to the mere right of passage over the natural surface of the land within the boundaries of the way, but can construct over the entire width a road suitable, in material, grade, service and other respects for the continued enjoyment of the grant according to the attendant circumstances, and further holding that where there are several owners of a way, any one, at his own expense, may fit the way for his convenient use, provided he does not materially impede any other owner in his use of the same.

In *Freeman* v. *Sayre* (1885), 48 N. J. Law 37, 2 Atl. 650, it was held that—"When a private way, common to various persons, is created as this was, each owner has a right to remove obstructions and adapt the land to its reasonable use as a way. The adaptation must doubtless be so made as to do no unnecessary injury to adjoining property. *But the right of abutting owners must be subject to the right of appropriate adaptation of the surface of the way to the use designed in its creation.*" (Our italics.)

In *Herman* v. *Roberts* (1890), 119 N. Y. 37, 23 N. E. 442, 7 L. R. A. 226, 16 Am. St. 800, the rights of a grantee of a way were involved, and the court said that such grantee "acquired the right to enter upon the land and construct such a road-bed as he desired and to keep the same in repair. He could break up the soil, level irregularities, fill in depressions, blast rocks and not only remove impediments, but supply deficiencies in order to constitute a good road."

From the foregoing authorities, and there are many others to the same effect, the rule is well established that the grantee of a way is impliedly granted the 2. right to put the same in such condition as to make it usable and convenient for the purposes

for which it was granted. Holding, as we do, that appellants had the right to make the excavation involved so as to make the way usable, it must also be held that this right was theirs as much as if the land occupied by the way had been held by them in absolute ownership. Under such circumstances, the rule that must control is well expressed in the case of *Underwood* v. *Waldron* (1876), 33 Mich. 232, in an opinion by Cooley, C. J. It was there held that the respective duties which adjoining proprietors in a town, mutually improving their property, hold to one another, are those only which the requirements of good neighborhood in such a town would impose, i. e. each must use all due care and prudence to protect his neighbor, but is not bound at all events and under all circumstances to protect him, and any injury that may result notwithstanding the observance of proper caution, must be deemed incident to the ownership of town property, and can give no right of action. It must be kept in mind that it is conceded by appellee that no question of negligence is involved in this action. The same rule is announced in 1 C. J. 1202, where numerous authorities are cited to sustain the same.

In *Block* v. *Hazeltine* (1892), 3 Ind. App. 491, it was held that the law seems to be settled that an adjoining landowner had the right to excavate upon his own land for all lawful uses and purposes which he may contemplate, and we may add, that, in the absence of negligence, which is not here involved, if injuries result to the adjoining land by such excavation, it is *damnum absque injuria.* There can be no action maintained therefor.

The judgment is reversed, with instructions to the trial court to grant a new trial.