MICHAEL GREENE, Plaintiff, *v.* ARTHUR BRITT, Individually and as Sheriff of Erie County, et al., Defendants.

Supreme Court, Erie County, May 13, 1944.

*Francis J. Riordan* for plaintiff.

*John S. Ryan* and *Ralph A. Lehr* for defendants.

GOLD, J. The above-entitled action was commenced by plaintiff against the defendants to recover damages in the sum of $2,500 and for a permanent injunction restraining the defendants, and each of them, from destroying property or entering premises numbered 2703 South Park Avenue, in the city of Lackawanna, without a search warrant or without probable cause to suspect that a crime had been committed or was about to be committed therein.

The plaintiff now seeks temporary injunction pending the determination of said action, enjoining and restraining the defendants, and their respective agents, servants and/or employees, and all persons whatsoever acting in their behalf, or in conjunction with them or either of them from in any wise ordering, directing, counselling, advising or encouraging, or in any manner or by any means breaking in or entering the premises aforesaid without first having obtained a search warrant or without sound or substantial reasons to suspect that a crime is being committed therein and that said sound and substantial reasons must be capable of tangible proof and not whim or caprice.

The plaintiff claims that on the 18th day of April, 1944, the defendants Joseph Kustrich and Frank Prestel, as Deputy Sheriffs of Erie County, entered the premises aforesaid and accused the plaintiff of maintaining a room for gambling purposes and arrested him forthwith, and seized and destroyed certain property therein owned by the plaintiff without due process of law.

That on or about the 21st day of April, 1944, the said defendants Joseph Kustrich and Frank Prestel proceeded with sledge hammers, crowbars, chisels and other tools to batter down the door of said premises and obtain entrance therein, wrongfully and unlawfully, and searching said premises.

That said Arthur Britt, Sheriff of Erie County, and his deputies aforesaid, have threatened to batter down the door on the property of plaintiff at any time they are refused admittance to said premises.

The defendants Kustrich and Prestel, have denied that they have threatened to enter the premises of the plaintiff and to destroy property therein unlawfully.

Equity will not interfere to prevent arrest or the execution and enforcement of the criminal law so long as the police authorities keep within the line of duty. Nor will it, on complicated evidence, determine whether or not a crime has been committed or whether a business is unlawful. (*Burns* v. *McAdoo*, 113 App. Div. 165.)

Equity will not interfere to prevent the enforcement of criminal law. (*Eden Musee American Co., Limited,* v. *Bingham*, 125 App. Div. 780; and, also, *Suesskind* v. *Bingham*, 125 App. Div. 787; *Olympic Athletic Club* v. *Bingham*, 125 App. Div. 793.)

*Suesskind* v. *Bingham* (*supra*) holds that plaintiff's remedy is not by injunction but by action at law against the individual officers.

" A court of equity, even where property interests are incidentally affected, will not ordinarily interfere with criminal processes, unless there would be irreparable injury and the sole question involved is one of law." (*Mills Novelty Co.* v. *Sunderman,* 266 N. Y. 32, citing with approval *Delaney* v. *Flood,* 183 N. Y. 323.)

The plaintiff must show that he has not an adequate remedy at law in order to be entitled to the relief sought herein.

Plaintiff has united in this action a claim for property damaged or destroyed in the sum of $2,500, and for relief by injunction to prevent the defendants from unlawfully entering upon his premises and damaging the same in violation of law.

He has suffered no damage that money will not compensate.

Therefore determination of the whole issue should be had in the trial of the action.

Motion for temporary injunction is therefore denied.

Let an order be entered accordingly.