ALICE C. R. CALHOUN, Appellant, v. SAMUEL J. CALHOUN, Respondent.— Order dated March 11, 1948, confirming the report of an official referee and denying plaintiff's motion to modify the judgment of separation and award to her the sole and exclusive custody of the children of the parties; and denying a cross motion by defendant for like and other relief, insofar as appealed from, affirmed, without costs. Order dated March 15, 1948, modifying the judgment of separation herein to provide that custody of the children of the parties be in Saint Clare Academy, Mount Hope, Hastings-on-Hudson, N. Y.; providing for visitation of the parties at that school; directing defendant to pay for the expenses of the children at said school and relieving defendant from further payments of alimony to plaintiff, affirmed, without costs. No opinion. Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

JOSEPHINE COSTA, Respondent, v. MITCHELL JELLINE, Individually and as Trustee, et al., Defendants, and VINCENT COSTA, Individually and as Administrator of the Estate of PHILIP A. COSTA, Deceased, et al., Appellants.— In an action to avoid the provisions of a separation and an accompanying trust agreement, order granting in part and denying in part plaintiff's motion to vacate appellants' demand for a bill of particulars, modified by striking out the figure " 15 " from the first ordering paragraph. As thus modified, the order is affirmed, without costs. No opinion. Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

PAUL D'ANDREA, Respondent, v. ETHEL WILSON, Appellant.— Action for replevin in which there has been no seizure of the chattels in dispute. Order directing defendant to appear before trial for an examination as to her assets and as to the whereabouts of the personal property which is the subject matter of the action, requiring her to deliver an ancestral tea set into the custody of her attorney pending judgment or further order of the court and, in default thereof, staying defendant from further defending this action, reversed on the law and the facts, with $10 costs and disbursements, and the motion for such relief denied, with $10 costs. Plaintiff previously obtained a full examination of the defendant before trial and showed no facts entitling him to any further examination. Nor did he bring himself within the provisions of section 1094-a of the Civil Practice Act, since he did not allege that he was without knowledge as to the whereabouts of the chattels. Moreover, the papers indicate that he has not taken advantage of the provisions of article 66 of the Civil Practice Act, entitling him to seizure of the chattels in dispute before final judgment. Under the circumstances, Special Term was not justified in directing defendant to turn over any of the chattels pending judgment or in staying her defense of the action. Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

JANET D. FIEDER et al., Appellants, v. HELEN TERSTIEGE et al., Respondents. — In an action to restrain interference with appellants' use and enjoyment of certain land designated as " park " and " beach " on a filed map, to which map appellants' deeds make reference, judgment in favor of defendants, dismissing the complaint on the merits, after trial by the court without a jury, unanimously affirmed, with costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ.