Frederick T. Henry, J.
In 1927, the United States Sale and Engineering Corporation subdivided a tract of land in Wayne County bordering on East Bay of Lake Ontario. On May 18, 1927, a subdivision map entitled “East Bay Park” was filed in the Wayne County Clerk’s office. This map shows several thousand proposed lots 20 feet wide and 50 feet deep. Twenty-eight avenues and a boulevard are shown on the map running east and west through the subdivision, each terminating in an undivided strip along the shore of East Bay. The undivided strip, more than a mile in length, varies in width from 100 feet at one point and at some points appears nearly to diminish to a width of 2 or 3 feet. At the east end of East Bay Boulevard there appears a larger area having a depth of about 100 feet. At the end of Kansas Avenue, the strip narrows to about 20 feet. On March 31, 1932 the plaintiff acquired title to Lots 95, 96, 97 and 98 of Block D as shown on the map. Lo„ts 96 and 98 front on Missouri Avenue and 95 and 97 front on Kansas Avenue. The conveyance merely describes the plaintiff’s lots by numbers and reference to the. filed map. No specific mention is made of the avenue or the undivided strip along the shore of East Bay. The plaintiff testified and the court finds that he occupied a summer cottage on his lots. On the shore of East Bay, at a point partly opposite the east end of Kansas Avenue and partly opposite Lot 119 of Block D, he constructed a permanent dock of stone and cribbing. The date of the construction of that dock *579 is in dispute, but it appears from the evidence that the plaintiff and others have used the dock and the beach for boating, bathing and swimming.
The defendant, Dorothy Ball, acquired title to Lot 119, Block D, in 1953. Lot 119 is at the eastern end of Kansas Avenue and adjoins the undivided strip along the shore of East Bay. After acquiring Lot 119, the defendant purchased the land lying between Lot 119 and the water of East Bay from the County of Wayne. On the trial of the action the defendants testified that Wayne County had acquired title to the undivided strip, together with other lands, by a sale for 1930 taxes. The defendants employed a contractor to excavate, level and grade the eastern end of Kansas Avenue in order to improve their access to Lot 119. As a result of the excavation, the grade of Kansas Avenue is now several feet below the grade of plaintiff’s lot and the access from plaintiff’s lots to the beach has been rendered more difficult. The defendants also removed that portion of plaintiff’s dock which was opposite Lot 119, and within the boundary of the parcel conveyed to the defendants by Wayne County.
By this action the plaintiff seeks to determine his right in Kansas Avenue and to the shore and dock adjoining the defendants’ Lot 119. He also seeks to compel restoration of the dock and Kansas Avenue to their original condition. Since the plaintiff’s deed is silent, his rights in the avenue and beach arise only by implication from reference to the map. Under such circumstances, the court must determine the intention of the parties and may find that lot owners have the right to use the beach in common. (Williamson v. Salmon, 105 Misc. 485, affd. 196 App. Div. 922, affd. 233 N. Y. 657; Wilkinson v. Nassau Shores, 1 Misc 2d 917; Fieder v. Terstiege, 56 N. Y. S. 2d 837, affd. 273 App. Div. 982; Erit Realty Corp. v. Sea Gate Assn., 259 N. Y. 466; Boughton v. Baldwin, 134 Misc. 34.) While the undivided strip along the shore is not labeled as a community beach, the development leads to the irresistible conclusion that it was intended to be for the benefit of all the owners in the subdivision. Each of the avenues extend to the beach. No subdivision lot blocks the end of an avenue in such manner as to prevent access to the beach. Running east and west through the tract is a major right of way, designated as East Bay Boulevard, which by its nature and location could serve only to promote access by lot owners to the beach. Subdivision lots are small and additional lots could have been laid out on various portion of the beach if it had not been intended to reserve the beach for the benefit of all. The evidence amply shows that this *580 intention to create a community beach was confirmed by actual use by the plaintiff and other lot owners.
The plaintiff’s right to use the beach in common with all other owners was not affected by the tax sale to Wayne County. As stated by the court in Wilkinson v. Nassau Shores (1 Misc 2d 917, 924, supra): “ It is well settled that an easement acquired prior to a tax lien is not subject thereto, nor does a foreclosure of a tax lien or a deed from the county treasurer cut off the easement. ’ ’
Since the plaintiff is entitled to the use of the beach in common with other owners in East Bay Park, it follows that he is entitled to a right of passage along Kansas Avenue as shown on the map from his lots to the beach. While the defendants were entitled to make such repairs as did not injuriously affect their co-users, they could not make any alteration of grade to the detriment of the .plaintiff. (17-A Am. Juris., Easements, § 133.) The plaintiff is entitled to recover damages sustained by him resulting from the defendants’ alteration of Kansas Avenue. Since these damages may be ascertained readily, they afford an adequate remedy and an injunction to compel the defendants to restore Kansas Avenue to its original condition should not be granted. (Grill v. Wiswall, 82 Hun 281; Greene v. Britt, 183 Misc. 511; 10 Carmody-Wait, New York Practice, Injunction, §§ 5, 18.) Accordingly, the plaintiff’s right to an injunction is denied without prejudice to his bringing an action at law for damages resulting from the alteration of Kansas Avenue.
It cannot be inferred fairly from the cAidence that the implied right to use the beach and avenues includes the right to maintain a permanent dock. The number of potential users of the beach as shown by the OAvners of lots on the map is entirely repugnant to such inference. The owners having a common right to use the shore line are entitled to the complete use unobstructed by any structure. (Van De Carr v. Schloss, 277 App. Div. 475.) The plaintiff’s claim to a prescriptive right Avas not substantiated by the preponderance of the evidence. His request for an injunction restoring the dock to its original condition should be denied.
For the plaintiff, the court finds 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11 and for the defendant 1, 2, 3, 6, 7 and 11 of their respective proposed findings of fact.
This opinion shall constitute the decision of the court pursuant to section 440 of the Civil Practice Act. Submit judgment accordingly, Avith costs to the plaintiff.