■ LILLIAN YABLON, Respondent, v. RUBIN YABLON et al., Appellants.— In an action to recover money damages for the alleged wrongful detention and conversion of a stock certificate, the defendants appeal from an order of the Supreme Court, Westchester County, dated March 13, 1961, which denied their motion to vacate plaintiff's notice to examine them before trial. The motion for an order to vacate the notice, "without prejudice to the right of the plaintiff to proceed by order as required by section 1094-a of the Civil Practice Act," was made on the ground that the action was one to recover a chattel and that a notice of taking testimony by deposition, such as the one served, was not authorized by law. Order affirmed, with $10 costs and disbursements. The examination pursuant to the notice and order shall proceed on a date to be mutually agreed upon by the parties, or, failing such agreement, on a date specified in a new notice to be served, such date to be at least 15 days after entry of the order hereon. The action is one in conversion and not one to recover a chattel, commonly called a replevin action (13 Carmody-Wait, New York Practice, pp. 267, 275–276). However, if it be assumed *arguendo* that the action is one in replevin, the mere fact that section 1094-a of the Civil Practice Act provides for the taking of testimony "in pursuance of an order of the court" for the limited "purpose of obtaining information with reference to the location of the chattel or any part thereof", does not preclude the taking of testimony pursuant to notice for the general examination prescribed by section 290 of the Civil Practice Act and rule 121-a of the Rules of Civil Practice (*Miller* v. *Stern*, 262 App. Div. 5, 7–8; 1 McCullen, Examinations Before Trial [rev. ed.], § 218; cf. *D'Andrea* v. *Wilson*, 273 App. Div. 982). Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.

## (June 14, 1961)

■ MANSFIELD DRISKELL, Respondent, v. CHARLES ALFANO, Appellant.— Motion to dispense with the printing of additional papers, granted. The appeal will be heard on the available copies of the printed record on the prior appeal herein and on the typewritten additional papers. Appellant is directed to file six copies of the typewritten additional papers and to serve one copy on respondent, and to file the available copies of the printed record on the prior appeal. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ IDA GINSBERG, Appellant, et al., Plaintiff, v. WILLIAM J. ROGERS, Respondent.— Motion by appellant to dispense with printing, denied, with leave to renew on a proper showing of indigence. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ HERBERT GORDON et al., Appellants, v. FAIRVIEW OPERATING CORP. et al., Respondents.— Motion by appellants for a stay, pending appeal, granted, on condition that appellants perfect the appeal and be ready to argue or submit it at the October Term, beginning October 2, 1961; appeal ordered on the calendar for said term. The record and appellants' brief must be served and filed on or before September 1, 1961. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.