**DAVIESS–MARTIN COUNTY REMC,**
**Defendant-Appellant,**

v.

**Judith A. MEADOWS, Franklin R. Meadows, Plaintiffs-Appellees.**

**No. 1–778A190.**

Court of Appeals of Indiana,
First District.

March 20, 1979.

Rehearing Denied April 27, 1979.

J. Lloyd Fitzpatrick, Fitzpatrick, Chambers & Waller, Washington, for appellant.

Byron W. Steele, Steele, Steele & Steele, Bedford, for appellees.

LOWDERMILK, Judge.

## STATEMENT OF THE CASE

This is an inverse condemnation action in which defendant-appellant Daviess-Martin County REMC (REMC) appeals from a judgment in favor of plaintiffs-appellees, Judith A. and Franklin R. Meadows, wherein the Meadows were awarded damages as a result of REMC's taking of certain of the Meadows' property for an easement.

## FACTS

On May 20, 1969 the Meadows entered into a contract to purchase approximately 105 acres of real estate which is the subject of this lawsuit. Since the Meadows were the equitable owners of the reality, the owners in fee, the McMahans, assigned all of their interests to the Meadows.

Since 1950 REMC has maintained an electrical distribution line across the subject real estate. Franklin Meadows was aware that there was an electrical distribution line across his farm prior to 1973. In December 1973 the Meadows were divorced and Franklin assigned all of his interest in the real estate in question to his former wife, Judith.

In the middle of 1973 Franklin Meadows was told by REMC that REMC was going to run a new, upgraded, electrical distribution line across his property. Later Franklin Meadows saw a surveyor placing flags where the poles for the new distribution line were to be located. The flags were being placed very close to where the existing line ran across the Meadows' property. Pursuant to Franklin's request the surveyor moved one of the flags 20 feet farther east.

The new line was built before the old line was removed. On its own initiative REMC installed the new line along a fence row which was over 100 feet east of where the old line had run. Franklin Meadows wanted to know by what authority REMC could run a new electrical distribution line along another route across his property. Representatives of REMC told him that they had an easement across his property and could, therefore, legally place the line where they did. Shortly after the new line was completed the Meadows brought this inverse condemnation suit against REMC.

## ISSUES

The issues which REMC has raised in this appeal are as follows:

1. Whether the decision of the trial court that there had been a taking by REMC of real estate belonging to the Meadows for public use without the same having been first appropriated pursuant to law was supported by sufficient evidence.

2. Whether the decision of the trial court that there had been a taking by REMC of real estate belonging to the Meadows for public use without the same having been first appropriated pursuant to law was contrary to the evidence.

*Issues One and Two*

■ The parties agree that REMC had an easement by prescription across the Meadows' property. REMC contends that it is permissible for the holder of an easement to make reasonable changes in its easement where such changes do not impose a greater burden on the servient estate. See *Mercurio v. Hall,* (1924) 81 Ind.App. 554, 144 N.E. 248.

We are of the opinion that *Mercurio v. Hall, supra,* is inapplicable to the case at bar. In *Mercurio, supra,* an easement for an alley between two adjoining lots was contained in the deeds of the respective owners of the two lots. One of the owners graded the alley in such a way that the entrance to the alley would be the same grade as the street which it intersected. The other owner objected to the first owner's grading of both halves of the alley. In *Mercurio, supra,* at 81 Ind.App. 558–559, at 144 N.E. 249, it states:

". . . the rule is well established that the grantee of a way is impliedly granted the right to put the same in such condition as to make it usable and convenient for the purposes for which it was granted. . . ."

In the case at bar the route of the easement, as it had existed since 1950, was both usable and convenient for the purposes for which it was granted. *Mercurio, supra,* could stand as authority for REMC to enter upon the land to repair, maintain, or upgrade the electrical equipment which followed the route of the existing easement; however, it could not use *Mercurio, supra,* as authority for the easement holder to change the route of an existing easement solely because, in the opinion of the easement holder, such a change would be more convenient. Where, as here, a new route is selected by the holder of an easement which substantially departs from the route of an existing easement, such would be a taking for public use, and the landowner should be compensated therefor, unless the easement holder and landowner have previously agreed to the changing of the route of the easement from one location to another. To make such a change the new easement should be recorded to show its altered route and the old easement should be extinguished.

In the case at bar REMC contends that it should not have to compensate the Meadows for rerouting the easement across the Meadows' land. It contends that it built the new electrical distribution wires along a new route at Franklin Meadows'

request. Such was a question of fact. As an appellate court we can neither weigh the evidence nor judge the credibility of witnesses, and we must look at the evidence in a light most favorable to the appellee.

The evidence most favorable to the Meadows shows that Franklin Meadows asked REMC to move one pole from the existing easement 20 feet to the east. Such request, however, did not give REMC license to move the other poles up to 133 feet to the east. The evidence at trial clearly supports the Meadows' contention that REMC, on its own, changed the route of the easement.

During the installation of the new electrical distribution lines Franklin Meadows questioned REMC's authority to change the route of the lines. Meadows was told that REMC had an easement and could, therefore, place the new electrical lines across his property. During installation Meadows asked REMC if it could remove one of the poles from his field, and if it could change the location of the wires which provided support for one of the poles in that the wires were in his field. REMC complied with both of these requests.

REMC contends that Franklin Meadows' actions and requests amounted to either a waiver or an estoppel. We disagree. Franklin Meadows had been led to believe that REMC had an easement and was within its legal authority in installing the new electrical distribution lines. He was not well enough informed of the matter to have waived his right to object. It is correct that a landowner may waive or be estopped from asserting his right to object to the changing of the route of an existing easement, if he fails to complain for a significant period of time. See *Henning v. Neisz,* (1971) 148 Ind.App. 576, 268 N.E.2d 310.

However, in the case at bar the Meadows objected from the beginning and questioned REMC's authority to reroute the easement. Several letters were sent to REMC by the Meadows' attorney requesting information concerning the matter. It was not until shortly before trial that REMC admitted

that it had no written easement for the route of the new electrical distribution lines. The trial court found no estoppel or waiver, nor do we. The trial court's decision is supported by the evidence and is not contrary to the evidence.

Judgment affirmed.

LYBROOK, P. J., and ROBERTSON, J., concur.