Louis A. LITZELSWOPE, Jr., Margaret A. Litzelswope, Plaintiffs-Appellants,

v.

James R. MITCHELL, Patricia A. Mitchell, Defendants-Appellees.

No. 1–982A271.

Court of Appeals of Indiana, First District.

July 27, 1983.

Linda B. Lorch, Lorch, Moyer, Gesenhues & Bitzegaio, New Albany, for plaintiffs-appellants.

Michael F. Ward, Rudy, Ward & Crumbo, New Albany, for defendants-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Louis A. Litzelswope, Jr. and Margaret A. Litzelswope together with John E. Anderson and Kathleen A. Anderson sued James A. Mitchell and Patricia A. Mitchell seeking injunctive relief to compel Mitchells to remove alleged obstructions or encroachments placed by Mitchells in an easement owned in common by the parties. From an adverse judgment, the Litzelswopes appeal. We affirm.

## FACTS

Litzelswopes, Andersons and Mitchells are each the owners of a lot in a residential area in Floyd County. Litzelswopes acquired their real estate in February of 1977 by deed from John and Emma Kannapel. Andersons' lot was acquired by conveyance from John and Charlene Herbst in December of 1979. Mitchells acquired their real

estate from Bennett Built, Inc. in April 1977. The deeds to Litzelswopes and Andersons also conveyed a right-of-way and easement sixty feet wide, which was specifically described "to be used in common with the Grantors, their heirs, transferees, and assigns and in common with the owners of the adjoining real estate, the same to be used as a means of ingress and egress to and from [the lots conveyed] to Tanglewood Drive, a public roadway...." Record at 90, 93. Mitchells' deed did not contain such a grant of easement but provided that their real estate was conveyed "subject to any and all easements of record affecting the same ...." Record at 97. On November 29, 1980, Mitchells obtained a grant of easement from Kannapels identical to that contained in the deeds to Litzelswopes and Andersons.

Although the easement described in the grants is sixty feet in width, only a portion of it is used as a roadway for access to and from the lots in question and Tanglewood Drive. A gravel or stone roadway approximately twenty feet wide has been constructed on the easement which roadway is slightly off-center. In June 1977, Mitchells' builder constructed a driveway from Mitchells' property across the unimproved portion of the easement to the travelled portion. At the same time a culvert was placed in an open ditch in the easement and covered by the driveway. In the fall of 1977, Mitchells installed a railroad tie retaining wall on the eastern side of the ditch south of their driveway. Later, in the summer of 1979, Mitchells built a garage and poured some excess concrete into the bottom of the open ditch south of their driveway. In the fall of 1979, Mitchells built some wooden steps from their property to the driveway, and in the summer of 1980, they installed bricks in those steps. Also in the summer of 1980, Mitchells extended the culvert from the north side of their driveway to a catch basin which they installed and which is partially in the untravelled portion of Tanglewood Drive. The extended culvert and ditch were then covered with dirt and seeded.

Prior to the construction of the culvert, the retaining wall, the extension of the culvert to the catch basin, and the placing of concrete in the ditch bottom, the ditch and adjoining land were eroding and the ditch was increasing in width. The retaining wall, steps, culvert, and concrete ditch all are within the boundary of the easement, but outside the travelled portion being between the travelled portion and Mitchells' land.

In October of 1980 Litzelswopes and Mitchells jointly caused a survey to be made. The survey shows the location of all the alleged encroachments. None of these improvements made by Mitchells extend into the improved or travelled portion of the easement. Mitchells driveway extends from their garage in a westerly direction 11.5 feet to the eastern boundary of the easement, and then across the unimproved portion of the easement to the travelled portion. The steps extend in a southwesterly direction 12.4 feet into the unimproved portion of the easement.

Litzelswopes were aware of the construction of the driveway, retaining wall, steps, culvert, drain, and the placing of concrete in the bottom of the open ditch by Mitchells. In fact, Mr. Litzelswope gave advice to Mr. Mitchell concerning the steps, furnished the railroad ties for the wall and steps, and suggested pouring the surplus concrete into the bottom of the ditch to prevent further erosion. Litzelswope claims to have told Mitchell that he had no objection to the improvements made by Mitchell so long as they were not in the easement. On the other hand, Mitchell contends Litzelswope never objected until after the survey when he told Mitchell he had engaged a man with a backhoe to remove them.

The only testimony concerning any interference with use of the easement caused by Mitchells' improvements is Mr. Litzelswope's statement that the catch basin caused him to veer to the left when entering from Tanglewood. This was denied by Mitchell.

The trial court enjoined Mitchells from making any additional encroachments upon

the easement, allowed them to keep, and conduct routine maintenance on, the existing items, but prohibited any changes in character such as paving their driveway, and provided that Mitchells should acquire no rights by prescription or adverse possession to maintain the disputed items on the easement, and that if, as a condition to accepting the easement as a public roadway, the appropriate governmental agency so required, Mitchells must remove the items at their expense.

## ISSUES

Litzelswopes raised several issues which simply involve the question of whether or not the trial court erred, as a matter of law, in not requiring Mitchells to remove all of the alleged encroachments.

Mitchells challenge the trial court's refusal to permit them to pave their driveway and seek assessment of damages under Ind. Rules of Procedure, Appellate Rule 15(G).

## DISCUSSION AND DECISION

 Prior to considering the specific issues raised in this case, we point out that in cases tried by the court, we will not set aside the findings or judgment of the trial court unless such findings and judgment are clearly erroneous, and due regard shall be given to the trial court's opportunity to judge the credibility of witnesses. Ind. Rules of Procedure, Trial Rule 52(A). When a judgment is attacked as being contrary to law, we neither consider credibility of witnesses nor weigh the evidence. Rather, we look solely to the evidence most favorable to the judgment, together with all reasonable inferences therefrom, and it is only when this evidence is without conflict and leads to but one conclusion and the trial court reached a contrary conclusion that we will reverse that decision as being contrary to law. *Dominguez v. Gallmeyer,* (1980) Ind.App., 402 N.E.2d 1295, *trans. denied.* Further, we will affirm the decision of the trial court if it is sustainable upon any legal theory which the evidence supports. *Central Indiana Carpenters Welfare Fund v. Ellis,* (1980) Ind.App., 412 N.E.2d

865; *Tarrant v. Self,* (1979) Ind.App., 387 N.E.2d 1349, *trans. denied.*

 Litzelswopes sought injunctive relief requiring Mitchells to remove their driveway, steps, retaining wall, culvert and drain from the untravelled portion of the easement. Injunction is an appropriate remedy in actions involving obstruction of, or continued interference with, an easement. *Kramer v. Rager,* (1982) Ind.App., 441 N.E.2d 700; *Selvia v. Reitmeyer,* (1973) 156 Ind.App. 203, 295 N.E.2d 869; *Lynch v. Keck,* (1970) 147 Ind.App. 570, 263 N.E.2d 176. Any lot owner in a subdivision who has an easement in a private street in common with other lot owners may maintain an action for interference with such easement. *Winslow v. Sauerwein,* (1955) Mo.App., 285 S.W.2d 21. The question here is whether the evidence is without conflict and leads inescapably to the conclusion that Litzelswopes were entitled to the relief demanded.

 Indiana cases clearly have held that the owner of an easement possesses all rights necessarily incident to the enjoyment of the easement, and that he may make such repairs, improvements, or alterations as are reasonably necessary to make the grant of the easement effectual. *Board of Commissioners of Vanderburgh County v. Joeckel,* (1980) Ind.App., 407 N.E.2d 274, *trans. denied; Holding v. Indiana & Michigan Electric Co.,* (1980) Ind.App., 400 N.E.2d 1154; *Mercurio v. Hall,* (1924) 81 Ind.App. 554, 144 N.E. 248. Although these cases involve controversies between the dominant and servient owners, we believe they are applicable to the present dispute between co-owners of an easement.

 The general rule appears to be that where there are several owners in common of an easement, each owner has a right to make reasonable repairs, alterations, and improvements to the easement so long as such do not injuriously affect his co-owner. *Hultzen v. Witham,* (1951) 146 Me. 118, 78 A.2d 342; *Mehene v. Ball,* (1959) 22 Misc.2d 577, 194 N.Y.S.2d 28; *Cain v. Aspinwall-Delafield Co.,* (1927) 289 Pa. 535, 137 A. 610;

*Stifel v. Hannan,* (1924) 95 W.Va. 617, 123 S.E. 673. Stated conversely, an owner in common of an easement may not alter the land in such a manner as to render the easement appreciably less convenient and useful for one of his co-owners. *Goss v. Johnson,* (1976) Iowa, 243 N.W.2d 590; *Big Cottonwood Tanner Ditch Co. v. Moyle,* (1946) 109 Utah 213, 174 P.2d 148; 25 Am. Jur.2d, *Easements,* § 88 (1966). Thus, the issues to be examined are the reasonable necessity to the enjoyment of the easement and the injurious effect on other co-owners, the latter being of significance because courts have not interfered with alterations or improvements unless it was made to appear that the objecting party would be seriously inconvenienced in his own use of the easement. *Hultzen.*

It seems to us to be beyond question that Mitchells' driveway was reasonably necessary to their enjoyment of the easement. Certainly Mitchells did not have to terminate their driveway at the eastern boundary line of the easement several feet short of the travelled portion leaving no reasonable means of access to their garage from the travelled portion. The same is true of the steps leading from Mitchells' property to their driveway. The steps could have been found to be reasonably necessary to provide ingress and egress to Mitchells' property, and therefore reasonably necessary for their enjoyment of the easement.

■ The culvert was built to facilitate drainage and to enable the driveway to be constructed over the existing open ditch. There was evidence of an erosion problem in the untravelled area of the easement, and that the culvert, drain pipe, catch basin, concrete poured in the bottom of the open ditch, and the railroad tie retaining wall all served to alleviate the erosion problem which had been worsening. That these items also improved Mitchells' property does not matter. While Mitchells' right to make improvements was limited to that which was reasonably and necessarily incident to the use of the easement, and could not be solely for the protection of their property, repairs and improvements properly made to facilitate the use of the easement are not precluded because they may incidentally protect Mitchells' abutting property. *Hultzen.*

■ We believe the trial court could have found from the evidence that the construction of the improvements by Mitchells which the Litzelswopes attack as encroachments were reasonably necessary to Mitchells enjoyment of the easement.

■ The next question then becomes that of an unreasonable interference with Litzelswopes' use of the easement, or whether their use was made appreciably less convenient by what had been done by Mitchells. The evidence is not without conflict. However, Litzelswopes' only claim of inconvenience or interference was that the catch basin caused them to have to veer slightly to the left when approaching from Tanglewood Drive. This was controverted by Mitchells' testimony. The trial court was free to believe whomever it found more credible, and we will not reweigh that evidence. The questions of whether or not Mitchells' improvements were reasonably necessary to their enjoyment of the easement and whether Litzelswopes' corresponding rights to the use of the easement were unreasonably interfered with were questions of fact for the trial court's determination. *Hultzen.* The trial court upheld Mitchells' use and improvements and the evidence is not all one way leading inescapably to a contrary conclusion. Thus, the decision below is not contrary to law.

■ Mitchells also argue acquiescence by Litzelswopes citing their failure to object, providing advice and materials, and counseling the pouring of the concrete in the bottom of the open ditch. Acquiescence or implied consent has been recognized as a defense to an action for injunctive relief from alleged interference with, or increasing the burden of an easement. *Henning v. Neisz,* (1971) 148 Ind.App. 576, 268 N.E.2d 310, *trans. denied.* In *Henning,* the appellee relocated the easement and used it for five years and three months before the appellant, the owner of the ser-

vient tenement, sued to compel the return to the former location. The trial court found acquiescence amounting to implied consent and this court affirmed. On the other hand, where the landowner objected from the beginning and questioned the right to relocate, no waiver or estoppel was found. *Daviess-Martin County REMC v. Meadows,* (1979) 179 Ind.App. 622, 386 N.E.2d 1000, *trans. denied.* The trial court, under the facts here, might have determined that Litzelswopes were bound by acquiescence or implied consent. However, having held that the trial court properly could have found that Mitchells' acts did not exceed their rights or unreasonably interfere with Litzelswopes' use of the easement, we need not decide the issue of acquiescence.

 Mitchells object to the court's limiting them to the use and maintenance of their driveway in its present condition, thereby preventing them from the future paving of the driveway with asphalt or concrete. However, Litzelswopes correctly point out that no evidence was presented that such paving was reasonably necessary to effectuate Mitchells use of the easement. Therefore, we will not disturb the trial court's decision.

 Mitchells further ask us to remand this case for assessment of damages pursuant to A.R. 15(G). Such an award is proper where the appeal is frivolous, or without substance or merit, or intended to harass or delay the appellee. *Marshall v. Reeves,* (1974) 262 Ind. 403, 316 N.E.2d 828; *Budnick v. Budnick,* (1980) Ind.App., 413 N.E.2d 1023. We are not prepared to say this appeal was of that character. The request for damages under A.R. 15(G) is denied.

The trial court is, in all things, affirmed.

ROBERTSON, P.J., and NEAL, J., concur.